IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

    Movant,

v.                                                               Case No.: 8:25-mc-28

BLAKE LIVELY,

    Respondent,

_____/

**POPCORNED PLANET'S MOTION TO QUASH**
**<u>NON-PARTY SUBPOENA ISSUED TO GOOGLE LLC</u>**

Non-party Popcorned Planet, Inc. ("Popcorned Planet"), pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, hereby moves to quash the subpoena served by Respondent Blake Lively ("Respondent" or "Lively") upon Google LLC, seeking highly sensitive subscriber data pertaining to Popcorned Planet, and in support thereof, states as follows:

**Introduction**

Popcorned Planet, a non-party located in Tampa, Florida, moves to quash a non-party subpoena served by Respondent Blake Lively upon Google LLC ("Google"), in connection with litigation pending in the Southern District of New York, styled *Lively v. Wayfarer Studios, LLC*, et al., Case No. 1:24-cv-10049-LJL (consolidated with 1:25-cv-00449-LJL) ("Underlying Action"). Popcorned Planet is not a party to the underlying action. Nevertheless, Lively, who is the plaintiff in the underlying action,

1

has targeted Popcorned Planet by way of a non-party subpoena,[1] this time to Google, demanding that Google produce numerous categories of confidential subscriber information about Popcorned Planet and fifteen (15) other non-parties.

On July 14, 2025, Popcorned Planet was contacted by Google Legal Support to advise of the subpoena, and requesting that Popcorned Planet provide a file-stamped copy of any motion to quash pertaining to Popcorned Planet by July 31, 2025. Google also provided a copy of the subject subpoena, with redactions to protect the identity of the other fifteen (15) non-parties. A copy of the subpoena is attached as Exhibit "A" hereto. As can be seen, the subpoena includes sixteen (16) requests that are exactly identical other than the name of the Google user account. Just like each of the other 15 requests, the request pertaining to Popcorned Planet commands Google to produce the following information:

> All subscriber information, for the username @PopcornedPlanet associated with Youtube and GooglePay, including but not limited to: (a) the first and last name; (b) registered email addresses; (c) phone number(s); (d) physical address; (e) backup/recovery email address or phone number; (f) subscriber registration information; (g) length of service (including start date) and any premium services utilized; (h) means and source of payment for such services, if applicable (including any credit card or bank account number, or public blockchain data and addresses); (i) Login Internet Protocol (IP) address used for initial registration, and (j) IP address used from May 1, 2024 to the present, with dates and session times; and (k) video upload IP addresses.

*See* Exhibit "A" (Subpoena, Request for Production No. 9).

The information sought in this request pertaining to Popcorned Planet is in no way relevant to any of the claims or defenses asserted in the underlying action, and

---

[1] *Cf* ECF. No. 3 (Popcorned Planet's Amended Motion to Quash the non-party subpoena from Respondent commanding Popcorned Planet to produce documents and materials)

2

exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure. Moreover, compelled disclosure of this information by Google would subject Popcorned Planet and its employees to substantial harm from potential misuse. Accordingly, Popcorned Planet respectfully requests that this Court quash or otherwise limit the subpoena as it pertains to Popcorned Planet.

## Argument

### I.  Popcorned Planet Has Standing to Move to Quash the Subpoena

Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(3) mandates that courts *must* quash a subpoena that:

> **(iii)** *requires disclosure of privileged or other protected matter*, if no exception or waiver applies; or
>
> **(iv)** subjects a person to **undue burden**.

Fed. R. Civ. P. 45(d)(3) (emphasis added). Courts in this circuit recognize that non-party subpoenas under Rule 45 remain subject to the constraints on the scope of discovery set forth under Rule 26. *See Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. 2006). To that end, Rule 26(b) provides that a court is *required*, "[o]n motion or on its own, [to] limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is **outside the scope permitted by Rule 26(b)(1)**." Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added).

3

A non-party has standing to quash a subpoena when it implicates a personal interest in the documents sought. *See J.T. Shannon Lumber Co. v. Gilco Lumber, Inc.*, No. 2:07-CV-119, 2008 WL 3833216, at *1 (N.D. Miss. 2008). Here, Popcorned Planet clearly has a personal and proprietary interest in protecting the confidentiality of its subscriber data and that of its employees, thus conferring standing to bring this motion.

## II. The Subpoena Impermissibly Seeks Irrelevant Information

Under Rule 26(b)(1), discovery must be relevant to the claims or defenses asserted. As can be seen in the operative complaint, the underlying action involves claims generally related to sexual harassment, retaliation, breach of contract, defamation, and false light among the parties to that litigation. For reference, a copy of the Amended Complaint in the underlying action is attached as Exhibit "B" hereto. The subpoena to Google, however, inexplicably demands extensive, sensitive subscriber data pertaining to Popcorned Planet—a non-party to the underlying action—bearing no conceivable relevance to those asserted claims.

As noted above, "[c]ourts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure." *Southtrust Mortg. Corp. v. Majestic Farms, LLC*, No. 5:07-cv-328, 2008 WL 11492923, at *1 (M.D. Fla. 2008) (citing 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2453 (2d ed. 1995) (Rule 45 incorporates the provisions of Rules 26(b) and Rule 34 requests for production)). "The Court, therefore, must determine whether the subpoena duces tecum seeks information within the scope of discovery and/or whether the request is overly broad utilizing the

same standards for relevancy in Rule 26(b) and as applied to Rule 34." *Id.* To that end, "the current version of Rule 26(b)(1) of the Federal Rules of Civil Procedure [provides that] 'Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party' or, upon a showing of good cause, 'any matter relevant to the subject matter involved in the action.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

"The intent of the 2000 amendment to Rule 26(b), which limited discovery to claims and defenses rather than subject matter, as had been the rule before, was intended to narrow the scope of discovery while still allowing the court to broaden it for good cause." *Id.* (quoting *Federated Mut. Ins. Co. v. Mazda Motor of America, Inc.*, 2006 WL 2583051, at *2 (N.D. Fla. Sept, 6, 2006); Fed. R. Civ. P. 26 Committee Notes (2000 Amendment)). "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26, Committee Notes (2000 Amendment).

"When the relevancy of discovery is not apparent on its face, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Majestic Farms*, 2008 WL 11492923 at *1. As can be seen in the operative Amended Complaint, the underlying action involves claims generally related to sexual harassment, retaliation, breach of contract, defamation, and false light among the parties to that litigation. For reference, a copy of the Amended Complaint in the

underlying action is attached as Exhibit "B" hereto. Notwithstanding the requirement that discovery must be facially relevant to the actual claims or defenses asserted, the subpoena to Google inexplicably demands extensive, sensitive subscriber data pertaining to Popcorned Planet—a **non-party** to the underlying action—bearing no conceivable relevance to those asserted claims.

As such, because the information sought bears no plausible relevance to the claims asserted in the underlying action, the subpoena facially exceeds the scope of permissible discovery under Rules 26 and 45, and should therefore be quashed or limited by this Court in relation to Popcorned Planet. *See, e.g., Connectus LLC v. Ampush Media, Inc.*, No. 8:16-mc-00159, 2017 WL 385758, at *2 (M.D. Fla. 2017) (entering protective order in favor of non-party served with subpoena, holding that "[a]s Digital is not a party to the Main Case and Plaintiff has made no allegations pertaining to Digital, wide-sweeping requests for all of Digital's financial records, documents, and communications regarding Digital's control over DGS, … and documents relating to another non-party are not relevant to the parties' claims and defenses in the Main Case," citing Rule 26(b)(1)); *J.T. Shannon Lumber Co.*, supra, 2008 WL 3833216, at *2 (holding that subpoenas to Microsoft, Google, and Yahoo! were overbroad, oppressive, and "so expansive that it resembles a fishing expedition," where the information requested included "the subscribers' account information with respect to personal account information, the records of session times, the means of payment for the account[,] the volume of mail for each account," and "detailed connection logs for each account" for a two-year time period).

### III. The Subpoena Subjects Popcorned Planet to Undue Burden and Risk of Harm

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) mandates quashing subpoenas that impose undue burden. As courts in this circuit have recognized, "[t]he burden on the non-party is particularly great when the party issuing the subpoena seeks private information." *Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Assoc., Inc.*, No. 3:23-cv-453, 2023 WL 8890834, *2 (N.D. Fla. 2023). Here, disclosure of private subscriber data pertaining to Popcorned Planet, and by extension its employees—including credit card and bank account numbers, phone numbers, IP addresses, physical addresses, private email addresses, and session logs—would pose significant privacy risks, potentially subjecting Popcorned Planet and its employees to identity theft, harassment, doxing, and cyber-attacks. Courts have recognized such burdens and risks attendant to disclosure of private information from non-parties in quashing subpoenas. *See Bunn v. Dash*, No. 2:20-CV-07389, 2021 WL 4866995, at *4–5 (C.D. Cal. 2021) (quashing subpoenas that "call[ed] for the disclosure of private information," were "vastly overbroad and constitute[d] a fishing expedition," and holding that "privacy rights outweigh Defendants' need for the information sought").

### IV. The Information Sought Is Protected from Disclosure by Federal Law

The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2703, prohibits electronic service providers from disclosing subscriber records in response to civil subpoenas absent specific statutory exceptions, none of which apply here. *See J.T. Shannon Lumber*, 2008 WL 3833216, at *1–2; *Theofel v. Farey–Jones*, 359 F.3d 1066, 1072–73 (9th Cir. 2004). Notably, the scope of the information encompassed by the

7

request pertaining to Popcorned Planet is defined by the phrase "including but not limited to" in preface to the eleven (11) categories of information that follow. As such, the request can reasonably be interpreted as including communications in addition to the information enumerated as examples. As such, the request as written seeks information that is precluded by the SCA from disclosure in response to a civil subpoena. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609–12 (E.D. Va. 2008) (explaining that the SCA (or "Privacy Act") "creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties'"[2] and that private parties are "prohibited from using Rule 45 civil discovery subpoenas to circumvent the [SCA's] protections" as the SCA's "enumerated exceptions do not authorize disclosure pursuant to a civil discovery subpoena"). As such, the subpoena should be quashed with respect to Popcorned Planet, as compliance by Google with the subpoena's request for information pertaining to Popcorned Planet would violate federal law.

## V. Public Policy Favors Quashing the Subpoena

Federal courts consistently hold that subpoenas seeking sensitive non-party information without adequate relevance or need undermine critical privacy interests and public policy. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010). Disclosure of such detailed subscriber data to litigants without justification incentivizes abusive discovery tactics, undermines privacy, and chills

---

[2] (citing S.Rep. No. 99–541, at 3 (1986), as *reprinted in* 1986 U.S.C.C.A.N. 3555, 3557)

lawful online activity. Indeed, as has been suggested by other non-party media outlets that have been similarly targeted by subpoenas issued by Respondent Lively, the actual purpose for this recent whirlwind of non-party subpoenas appears to be nothing more than an effort to silence or intimidate Respondent's media critics by misuse of the discovery process; colloquially known as "lawfare." This court should not countenance such misuse of the discovery process, particularly given Rule 45's mandate to protect non-parties from precisely this type of improper discovery practice.

## VI. Conclusion

For the foregoing reasons, and pursuant to the above cited authority, non-party Popcorned Planet respectfully requests that the Court quash the subpoena to Google in its entirety with respect to Popcorned Planet, award Popcorned Planet its reasonable attorney's fees incurred in preparing and filing this motion, as provided by Rule 45(d)(1), and grant such other relief as this Court deems just and proper. Respectfully submitted this 31st day of July, 2025,

            */s/ David P. Mitchell*
            **Jeffrey "Jack" Gordon, Esquire**
            Florida Bar No.: 836760
            **David P. Mitchell, Esquire**
            Florida Bar No.: 67249
            **MANEY | GORDON TRIAL LAWYERS**
            101 East Kennedy Boulevard, Suite 1700
            Tampa, Florida 33602
            T: (813) 221-1366   F: (813) 223-5920
            j.gordon@maneygordon.com
            d.mitchell@maneygordon.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail on this 31st day of July, 2025, to the following:

Esra A. Hudson
ehudson@manatt.com
Stephanie Roeser
sroeser@manatt.com
Sarah Moses
smoses@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Counsel for Respondent, Blake Lively

                                                  */s/ David P. Mitchell*
                                                  **David P. Mithell, Esquire**