IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

    Movant,

v.                                                       Case No.: 8:25-mc-28

BLAKE LIVELY,

    Respondent,

_____/

**POPCORNED PLANET'S REQUEST FOR JUDICIAL NOTICE**

Non-party Popcorned Planet, Inc. ("Popcorned Planet"), pursuant to Federal Rule of Evidence 201, hereby files this Request for Judicial Notice relating to its motion to quash the non-party subpoena issued by Respondent Blake Lively ("Respondent" or "Lively"), and states as follows:

## I. Standard for Judicial Notice of Adjudicative Facts

Federal Rule of Evidence 201, which governs judicial notice, provides that an adjudicative fact may be judicially noticed by the Court if it satisfies the following criteria:

> [The fact] is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

Adjudicative facts that are appropriate for judicial notice include public records, such as court filings and docket entries in a separate action. *Juravin v. Rada*, No. 5:24-CV-618, 2025 WL 1688251, at *4 (M.D. Fla. 2025), *report and*

*recommendation adopted*, 2025 WL 1685796 (M.D. Fla. 2025) (Explaining that "[a] district court may take judicial notice of public records, such as court filings and other official records" even on a motion to dismiss). *See also Mitchell v. Perkins*, No. 3:17-CV-751, 2019 WL 5213336, at *3 (M.D. Fla. 2019) (taking judicial notice of the existence of state court case and its docket entries), *aff'd sub nom. Mitchell v. Peoples*, 10 F.4th 1226 (11th Cir. 2021) (citing *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017)). *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014) (per curiam) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet).

Facts must also be relevant to qualify for judicial notice. *See, e.g., U.S. v. Larouche*, 1993 WL 358525, at *4 (4th Cir. 1993) ("Adjudicative facts must, by definition, be relevant") (citing 21 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5104). Evidence is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Evidence 201 provides that "[t]he court [] *may* take judicial notice on its own," and it "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b) (emphasis added). Where a request for judicial notice is based on information contained in extrinsic documents, such as public records including court filings, the party's obligation to supply the Court with the "necessary information" requires him to articulate "what

[he] want[s] [the] Court to take notice of and why [the] Court should take such notice." *Talib v. Skyway Commc'ns Holding Corp.*, 2005 WL 1610707, at *6 (M.D. Fla. 2005) (declining defendants' ill-defined request to take judicial notice of various SEC filings, holding that the "[c]ourt will not review over one hundred (100) pages of SEC filings and guess what the Defendants want this Court to take notice of and why [it should].").

## II. Facts Submitted for Judicial Notice

The adjudicative facts that are appropriate for judicial notice by this Court are set forth by and derived from Exhibits "A" through "H", consisting of court filings in the primary action pending in the Southern District of New York, styled *Lively v. Wayfarer Studios, LLC, et al*, Case No. 1:24-cv-10049-LJL. An index of the exhibits to be judicially noticed is as follows:

**Exhibit A:** Order dated July 15, 2025 (Doc. 425), establishing that fact discovery in the main action closed on September 30, 2025.

**Exhibit B**: Order dated September 12, 2025 (Doc. 770), granting Lively a ten (10) day extension through October 10, 2025 to complete fact witness depositions;

**Exhibit C:** Composite exhibit (Doc. 556-2) containing Lively's First Set of Requests for Production to the respective Wayfarer defendants.

**Exhibit D**: Composite exhibit (Doc. 556-8) containing deficiency letters dated July 29, 2025, sent by counsel for Lively to counsel for the respective defendants, identifying alleged discovery deficiencies and appending an index of Lively's requests for production that remained outstanding.

**Exhibit E**: Order dated August 27, 2025 (Doc. 711), granting in part Lively's Motion to Compel discovery responses.

**Exhibit F**: Lively's Letter Motion to Compel (Doc. 806) regarding Signal messaging platform communications that were ordered to be produced pursuant to August 27, 2025 Order (Doc. 711).

**Exhibit G**: Order dated September 30, 2025 (Doc. 835), granting Lively's Letter Motion to Compel (Doc. 806) as to Signal messaging platform communications only to the extent of requiring Wayfarer defendants to produce a revised privilege log.

**Exhibit H:** Docket Report from main action pending in the Southern District of New York, as of October 22, 2025.

### III. Relevance of Court Documents Submitted for Judicial Notice Herein

The court filings submitted for judicial notice herein, from the main action pending in the Southern District of New York, establish that fact discovery in the main action is now closed, having concluded on September 30, 2025 (**Exhibit A**: Doc. 425), with the exception of a ten day extension to complete depositions which concluded on October 10, 2025 (**Exhibit B**: Doc. 770). The composite exhibits containing Lively's requests for production to the various Wayfarer defendants and Lively's deficiency letters to the respective Wayfarer defendants establishes that Lively sought production of documents from the party defendants that encompass the very materials requested by Lively in her non-party subpoena to Popcorned Planet. [1]

---

[1] Lively's production requests to the various Wayfarer defendants that are duplicative, overlapping, or otherwise encompass the information Lively seeks from Popcorned Planet are too voluminous to list here. However, the requests for production to Wayfarer defendants that specifically mention Popcorned Planet and Signore by name, and include the exact same

Lively's production requests to the various Wayfarer defendants that are duplicative, overlapping, or otherwise encompass the very same information Lively seeks from Popcorned Planet in the subject subpoena are too voluminous to list here. However, the requests for production to Wayfarer defendants that specifically mention Popcorned Planet and Signore by name, and include the exact same descriptions for the information sought as is seen in the subject subpoena to Popcorned Planet are as follows:

Requests for Production to The Agency Group ("TAG")

**Request No. 72**: (All Documents and Communications with or concerning *Andy Signore* regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies).

**Request No. 73**: (All Documents and Communications concerning any Payments offered, made, received, or promised *Andy Signore* or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies).

**Request No. 86:** (All Documents and Communications reflecting or concerning any Google Document link share with Content Creators, including but not limited to Megyn Kelly, *Andy Signore, Popcorned Planet*, Candace Owens, Perez Hilton, or their agents).

*See* **Exhibit D:** Doc. 556-8, pgs. 116 and 118 (emphasis added).

---

descriptions for the information sought as is seen in the subject subpoena to Popcorned Planet are as follows: Requests for Production to The Agency Group ("TAG") Nos. 72, 73 and 86 (**Exhibit D:** Doc. 556-8, pgs. 116 and 118); Requests for Production to Melissa Nathan ("Nathan") Nos. 104, 105 and 108 (**Exhibit D:** Doc. 556-8, pg. 131).

<u>Requests for Production to Melissa Nathan ("Nathan")</u>

**Request No. 104:** (All Documents and Communications with or concerning ***Andy Signore*** regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies)

**Request No. 105:** (All Documents and Communications concerning any Payments offered, made, received, or promised ***Andy Signore*** or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies)

**Request No. 108**: (All Documents and Communications reflecting or concerning any Google Document link share with Content Creators, including but not limited to Megyn Kelly, ***Andy Signore, Popcorned Planet***, Candace Owens, Perez Hilton, or their agents)

See **Exhibit D:** Doc. 556-8, pg. 131 (emphasis added).

Notably, in its Order granting in part Lively's Motion to Compel as to Lively's requests for production to the Wayfarer defendants that encompass communications with media and content creators, the district court noted that "Lively's RFPs define 'You' to include 'anyone else acting or purporting to act on [their] behalf and anyone on whose behalf [they] are acting,'" in concluding that communications between the Wayfarer defendants' attorneys and third-parties, while acting on behalf of the Wayfarer defendants, are expressly within the "possession, custody or control" of the Wayfarer parties. *See* **Exhibit E**: Doc. 711, pg. 14. In so ruling, the district court cited

Fed. R. Civ. P. 34(a)(1) for the proposition that "'[t]he concept of control has been construed broadly' to include documents a party 'has the right, authority, or practical ability to obtain . . . from a non-party to the action.'" *Id.* (citing *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1335511, at *2 (S.D.N.Y. May 7, 2025).

Notably, following the district court's Order compelling the Wayfarer defendants to produce the aforementioned category of documents, Lively has raised no further challenge to the sufficiency of the Wayfarer defendants' compliance with this portion of the district court's order, and discovery in the main action is now complete.

Respectfully submitted this 22nd day of October, 2025,

>/s/ David P. Mitchell
> **Jeffrey "Jack" Gordon, Esquire**
> Florida Bar No.: 836760
> **David P. Mitchell, Esquire**
> Florida Bar No.: 67249
> **MANEY | GORDON TRIAL LAWYERS**
> 101 East Kennedy Boulevard, Suite 1700
> Tampa, Florida 33602
> T: (813) 221-1366   F: (813) 223-5920
> j.gordon@maneygordon.com
> d.mitchell@maneygordon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the CM/ECF system, which will send notice of the foregoing to all counsel of record.

>/s/ David P. Mitchell
> **David P. Mithell, Esquire**