# manatt

Esra A. Hudson<br>
Manatt, Phelps & Phillips, LLP<br>
Direct Dial: 310-312-4381<br>
ehudson@manatt.com

September 25, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

On behalf of Blake Lively we write pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices to respectfully request an order compelling Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC ("IEWU"), Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (collectively, the "Wayfarer Defendants") to produce a document-by-document privilege log for the Signal communications currently identified in "Category #1" of the Wayfarer Defendants' categorical privilege log.

By way of background, on August 27, 2025, this Court granted that portion of Ms. Lively's omnibus motion to compel, which sought the production of Signal communications from the Wayfarer Defendants and their agents. (*See* Dkt. No. 711 at 12-16.) As part the Court's Order, the Wayfarer Defendants were ordered to produce by September 8 all responsive, non-privileged, Signal communications and a categorical privilege log for "documents postdating Lively's Complaint." (*Id.* at 16.) Instead of doing so, on September 8, 2025, the same date that the Court ordered compliance, the Wayfarer Defendants moved for a one-week extension of the compliance deadline, which this Court denied, finding they failed to demonstrate good cause—particularly "given that the Wayfarer [Defendants] were on notice of the request for Signal communications in February 2025 . . . and given that they agreed to produce the communications approximately one month ago." (Dkt. No. 752 at 2.)

In defiance of the Court's order, the Wayfarer Defendants failed to produce any Signal communications at all on September 15, but have produced some Signal communications at random times without notice since then, well-after the Court-ordered deadline.[1] Notably, however, the Wayfarer Defendants have produced *no Signal communications* whatsoever from Steve Sarowitz and, as for the remainder of the Wayfarer Defendants, any Signal communications that *were* produced were limited exclusively to the time period *after* December 20, 2024. In other words, the Wayfarer Defendants have not produced a single Signal communication for the time period between August through December 20, 2024, during which time the evidence shows they were, in fact, communicating on Signal. Instead, the vast majority of their post-December 20 Signal communications have been marked privileged and placed on a woefully deficient categorical privilege log that fails to comply with the basic requirements of Local Civil Rule 26.2(c). *See* **Ex. A**. Among other things, the categorical privilege log did not identify how

---

[1] On Thursday, September 18, the Wayfarer Defendants made yet another production of documents, which include Signal communications involving Bryan Freedman and Summer Benson—communications that this Court ordered be produced by September 8.

Hon. Lewis J. Liman
September 25, 2025
Page 2

many documents were being withheld within each category and otherwise failed to provide sufficient information for Ms. Lively to evaluate their privilege claims. During the parties' meet and confer on September 10, Ms. Lively raised these concerns with the Wayfarer Defendants, explaining that much of this information can be generated automatically, and which they agreed to take under advisement.

On September 15, 2025, the Wayfarer Defendants produced an amended categorical privilege log, which now identifies the number of documents being withheld within each category. Critically, the Wayfarer Defendants' amended categorical privilege log demonstrates that the Wayfarer Defendants are **withholding more than 4,600 Signal communications** between December 20, 2024 and February 18, 2025, claiming attorney-client, work product, and common interest privileges, all of which are lumped together in *one categorical entry*. **Ex. B**. Among the twenty-one participants identified on the categorical privilege log are non-lawyers Jared Freedman and Spencer Freedman, who apparently work or intern at Liner Freedman Taitelman & Cooley, LLP ("Liner"). Although not reflected in the categorical privilege log and despite being requested to specifically identify such communications, the Wayfarer Defendants admit that the non-lawyer Freedmans were involved in Signal communications without any attorney presence, which are still being withheld for privilege. **Ex. C**. It is impossible to tell from the categorical log who participated in which communications on which date and whether any attorneys were present, much less whether the purpose of the communications was for legal advice, public relations (which is not privileged), or some other purpose. For all 4,600+ Signal communications that have been withheld, the Wayfarer Defendants provide the following language, which fails to provide *any* information that would reasonably enable Ms. Lively to assess the assertion of the privilege:

> Signal messages and attachments among clients and counsel necessary to accomplish the objectives of counsel's representation regarding legal advice in connection with anticipated and ongoing litigation.

*See* **Ex. B**. Upon receiving this amended categorical privilege log, Ms. Lively, again, requested the Wayfarer Defendants amend their categorical privilege log to provide additional information regarding the subject matter of the communications being withheld, so that Ms. Lively could assess the propriety of the Wayfarer Defendants' privilege claims. The Wayfarer Defendants declined Ms. Lively's request.[2] This information is essential, especially given the Wayfarer Defendants' admission that they are withholding communications where no attorneys are present.

While the Court's Order did permit the Wayfarer Defendants to prepare a categorical privilege log for privileged Signal communications, (Dkt. No. 711 at 12-15), they appear to have taken this as an opportunity to, yet again, withhold plainly responsive communications—including an unknown number of communications with no attorney presence. *See* **Ex. B**. To be sure, the Wayfarer Defendants' amended categorical privilege log is grossly deficient. Among other things, it is far from clear (i) which of the twenty-one participants were involved in each of the 4,600+ communications; (ii) how many of these communications lack attorney presence; and (iii) what the subject matter is for each.

Given that third parties (including those represented by Liner) have previously attempted to withhold documents that are plainly not privileged—*including communications that concern public*

---

[2] Rather than agree to amend their categorical privilege logs, the Wayfarer Defendants claim ignorance as to what additional information is needed for Ms. Lively to assess their privilege claims—despite counsel explaining in detail during the parties' September 10 meet and confer and in subsequent email exchanges. *See* **Ex. D**.

*relations*—the subject-matter of these communications must be provided with adequate detail to enable Ms. Lively to confirm that these communications are, in fact, those that concern *legal strategy* and not media or public relations campaigns that are a core focus of Ms. Lively's claims and are not protected from disclosure. (*See* Dkt. No. 749 at 11 ("The fact that the Wayfarer [Defendants] and TAG might have been sensitive to public relations considerations associated with this litigation does not make the public relations or crisis management experts part of the legal strategy or integral to the request or provision of legal advice."); *see also* Case No. 25-mc-347, Dkt. No. 31 at 9-11.).) Indeed, as the Court previously observed, the Wayfarer Defendants' communications with counsel often have no legal purpose, and other times include a mix of legal and public relations purposes. (*See id.*) As a result, after performing in camera review, the Court made privilege and work product determinations not only on a document by document basis, but sometimes made determinations within the same document that part of the communication was privileged and some parts were not. (*See id.* at 13-14.) Likewise, in their amended privilege log in connection with the Katherine Case and Breanna Koslow third-party documents production, the Wayfarer Defendants undertook the same analysis and similarly made privilege assertions document-by-document, and within documents at times. (*See* Dkt. No. 784-1.) That same level of analysis and designation is not only warranted here, but necessary as has previously been shown. And, most fundamentally, the Wayfarer Defendants' use of a single, identical description for more than 4,600 separate communications underscores that the articulated privilege basis falls woefully short of supporting any claim of privilege. *See In re Aenergy, S.A.*, 451 F.Supp.3d 319, 325-26 (S.D.N.Y. 2020) (criticizing categorical log that did "little to communicate the potential basis for its privilege assessments" and requiring production of a document-by-document privilege log); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162 (S.D.N.Y. 2014) (collecting cases). Put simply, the amended categorical log provides virtually no information for Ms. Lively to assess their claims of privilege for over 4,600+ communications, as required by Rule 26(b)(5)(A).

Accordingly, given that the Wayfarer Defendants have had two opportunities to prepare a categorical privilege log that complies with Local Civil Rule 26.2(c) and, twice, they have failed to do so, it is respectfully submitted that the Wayfarer Defendants be compelled to produce a document-by-document privilege log on an expedited basis. *See In re Aenergy*, 451 F.Supp.3d at 325-26. Specifically, Ms. Lively respectfully requests the Wayfarer Defendants produce a document-by-document privilege log that conforms with the same privilege log that they previously submitted in response to the Court's September 14, 2025 Order, which identified privileged communications by individual document, and even portions of communications within a document. (*See* Dkt. No. 784-1.)

Respectfully submitted,

/s/ Esra A. Hudson

| WILLKIE FARR & GALLAGHER LLP | MANATT, PHELPS & PHILLIPS, LLP |
|---|---|
| Michael J. Gottlieb | Esra A. Hudson (admitted *pro hac* vice) |
| Kristin E. Bender | Stephanie A. Roeser (admitted *pro hac v*ice) |
| 1875 K Street NW | 2049 Century Park East, Suite 1700 |
| Washington, DC 20006 | Los Angeles, CA 90067 |
| (202) 303-1000 | (310) 312-4000 |
| mgottlieb@willkie.com | ehudson@manatt.com |
| kbender@willkie.com | sroeser@manatt.com |
| mgovernski@willkie.com | |

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 9th Street NW
Washington, DC 20004
(202) 240-2927
mgovernski@dirllp.com

*Attorneys for Blake Lively*

# EXHIBIT A

Wayfarer Defendants' Categorical Privilege Log, dated September 8, 2025

Filed Under Seal

**CONFIDENTIAL**

**Categorical Privilege Log of the Wayfarer Parties (Dec. 20, 2024-Feb. 18, 2025)[1]**

| Category # | Dates | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|
| 1 | December 20, 2024 – February 18, 2025 | Bryan Freedman, Esq. Theresa Troupson, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Tamar Yeghiayan, Esq. Christina Puello Spencer Freedman Jared Freedman Mitchell Schuster, Esq. Kevin Fritz, Esq. Mitra Ahouraian, Esq. Justin Baldoni Jamey Heath Steve Sarowitz Tera Hanks Mitz Toskovic Ahmed Musiol Jennifer Abel Melissa Nathan Breanna Koslow and/or Jed Wallace | Signal messages among clients and counsel necessary to accomplish the objectives of counsel's representation regarding legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

---

[1] Pursuant to L.R. 26.2(c) and the Court's order of August 27, 2025 (Dkt. 711) (the "Order"), the Wayfarer Parties submit the following categorical privilege log for the period specified in the Order. The Wayfarer Parties reserve all rights to supplement and amend this privilege log.

1

**CONFIDENTIAL**

| Category # | Dates | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|
| 2 | December 20, 2024 – February 18, 2025 | Bryan Freedman, Esq. Miles Cooley, Esq. Theresa Troupson, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Tamar Yeghiayan, Esq. Brian Turnauer, Esq. Christina Puello Spencer Freedman Jared Freedman Mitchell Schuster, Esq. Kevin Fritz, Esq. Mitra Ahouraian, Esq. Justin Baldoni Jamey Heath Steve Sarowitz Tera Hanks Mitz Toskovic Jennifer Abel Melissa Nathan Breanna Koslow Katherine Case Michael Lawrence and/or Jed Wallace | Emails among clients and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

2

**CONFIDENTIAL**

| Category # | Dates | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|
| 3 | December 20, 2024 – February 18, 2025 | Bryan Freedman, Esq.<br>Miles Cooley, Esq.<br>Theresa Troupson, Esq.<br>Summer Benson, Esq.<br>Jason Sunshine, Esq.<br>Christina Puello<br>Spencer Freedman<br>Jared Freedman<br>Mitch Schuster, Esq.<br>Kevin Fritz, Esq.<br>Mitra Ahouraian, Esq.<br>Justin Baldoni<br>Jamey Heath<br>Steve Sarowitz<br>Mitz Toskovic<br>Jennifer Abel<br>Melissa Nathan and/or<br>Jed Wallace | Text messages among clients and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege<br>Work Product<br>Common Interest |
| 4 | January 23, 2025 – February 18, 2025 | Bryan Freedman, Esq.<br>Theresa Troupson, Esq.<br>Tamar Yeghiayan, Esq.<br>Summer Benson, Esq.<br>Jason Sunshine, Esq.<br>Christina Puello<br>Charles Babcock, Esq.<br>Cody Vaughn, Esq.<br>Joel Glover, Esq.<br>Katie Carmona, Esq.<br>Mitra Ahouraian, Esq.<br>Yolanda Rodriguez and/or<br>Jed Wallace | Emails among client and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege<br>Work Product<br>Common Interest |

# EXHIBIT B

Wayfarer Defendants' Amended Categorical Privilege Log, dated September 15, 2025

Filed Under Seal

**CONFIDENTIAL**

**Categorical Privilege Log of the Wayfarer Parties (Dec. 20, 2024-Feb. 18, 2025)[1]**

| Category # | Dates | Number of Documents | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|---|
| 1 | December 20, 2024 – February 18, 2025 | 4,644 | Bryan Freedman, Esq. Theresa Troupson, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Tamar Yeghiayan, Esq. Christina Puello Spencer Freedman Jared Freedman Mitchell Schuster, Esq. Kevin Fritz, Esq. Mitra Ahouraian, Esq. Justin Baldoni Jamey Heath Steve Sarowitz Tera Hanks Mitz Toskovic Ahmed Musiol Jennifer Abel Melissa Nathan Breanna Koslow and/or Jed Wallace | Signal messages and attachments among clients and counsel necessary to accomplish the objectives of counsel's representation regarding legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

---

[1] Pursuant to L.R. 26.2(c) and the Court's order of August 27, 2025 (Dkt. 711) (the "Order"), the Wayfarer Parties submit the following categorical privilege log for the period specified in the Order. The Wayfarer Parties reserve all rights to supplement and amend this privilege log.

**CONFIDENTIAL**

| Category # | Dates | Number of Documents | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|---|
| 2 | December 20, 2024 – February 18, 2025 | 911 | Bryan Freedman, Esq. Miles Cooley, Esq. Theresa Troupson, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Tamar Yeghiayan, Esq. Brian Turnauer, Esq. Christina Puello Spencer Freedman Jared Freedman Mitchell Schuster, Esq. Kevin Fritz, Esq. Mitra Ahouraian, Esq. Justin Baldoni Jamey Heath Steve Sarowitz Tera Hanks Mitz Toskovic Jennifer Abel Melissa Nathan Breanna Koslow Katherine Case Michael Lawrence and/or Jed Wallace | Emails and attachments among clients and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

2

**CONFIDENTIAL**

| Category # | Dates | Number of Documents | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|---|
| 3 | December 20, 2024 – February 18, 2025 | 1,589 | Bryan Freedman, Esq. Miles Cooley, Esq. Theresa Troupson, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Christina Puello Spencer Freedman Jared Freedman Mitch Schuster, Esq. Kevin Fritz, Esq. Mitra Ahouraian, Esq. Justin Baldoni Jamey Heath Steve Sarowitz Mitz Toskovic Jennifer Abel Melissa Nathan and/or Jed Wallace | Text messages and attachments among clients and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

**CONFIDENTIAL**

| Category # | Dates | Number of Documents | Participants | Description | Privilege(s) Asserted |
|---|---|---|---|---|---|
| 4 | January 23, 2025 – February 18, 2025 | 385 | Bryan Freedman, Esq. Theresa Troupson, Esq. Tamar Yeghiayan, Esq. Summer Benson, Esq. Jason Sunshine, Esq. Christina Puello Charles Babcock, Esq. Cody Vaughn, Esq. Joel Glover, Esq. Katie Carmona, Esq. Mitra Ahouraian, Esq. Yolanda Rodriguez and/or Jed Wallace | Emails and attachments among client and counsel necessary to accomplish the objectives of counsel's representation regarding requests for and provision of legal advice in connection with anticipated and ongoing litigation. | Attorney-Client Privilege Work Product Common Interest |

4