IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

    Movant,

v.                                                  Case No.: 8:25-mc-28

BLAKE LIVELY,

    Respondent,

_____/

**POPCORNED PLANET'S WRITTEN STATEMENT
<u>DESCRIBING SEARCH FOR RESPONSIVE MATERIALS</u>**

Non-party Popcorned Planet, Inc. ("Popcorned Planet"), by and through the undersigned counsel, pursuant to this Court's Order entered on November 7, 2025 (ECF No. 28), hereby submits its written statement describing in detail the search performed to identify responsive materials, and in support thereof, states as follows:

**I.    Introduction**

This Court's Order entered on November 7, 2025 (ECF No. 28), directs Popcorned Planet to provide the Court with "a written statement describing in detail the movant's search for responsive materials," including (a) "[t]he precise parameters of the search, including the date range, accounts, custodians, and search terms;" (b) "[t]he search method, including the particular tools used to extract documents;" (c) "[t]he individuals conducting the search;" (d) "[t]he extent of counsel's oversight of the search;" and (e) "[a] description of the accounts, custodians, or date ranges remaining to be searched." Each of the aforementioned categories of information is addressed below, in turn.

Popcorned Planet concurrently submits the Declaration of Andy Signore (attached as Exhibit A) and references it below by paragraph number. See, e.g., Signore Decl. ¶¶ 5–15 (repositories and parameters); ¶¶ 16–23 (methods and tools); ¶¶ 24–27 (who conducted the searches); ¶¶ 28–32 (counsel oversight); and ¶¶ 33–37 (any remaining items). Also submitted herewith is a hit-count matrix spreadsheet (attached as Exhibit B), which identifies the number of hits returned by each search term, in each of the searched repositories. Movant also submits two independent project proposals obtained from third-party e-discovery vendors (attached as Exhibits C and D) that outline the scope of work proposed and the cost of completion, for purposes of quantifying the burden of comprehensive forensic collection and processing. Finally, Movant submits a proposal from a certified public accountant ("CPA"), to perform a forensic financial audit, for the purpose of demonstrating that no payments have been received by any Wayfarer party or anyone acting on their behalf.

## II.     Precise Parameters

On October 24, 2025, counsel for Respondent sent an email to the undersigned, setting forth proposed repositories of information to be searched, proposed custodians and repository accounts, and proposed search terms. A copy of the email is attached as Exhibit D. Below is an overview of the search performed, consistent with the search parameters set forth in the email from Respondent's counsel, including the details of each category of information requested by the Court in its November 7, 2025 Order (ECF No. 28).

**A.     Search Custodian:** Andy Signore (CEO of Popcorned Planet).

**B.     Repositories, Devices and Accounts Searched**: (1) **Gmail** (popcornedplanet@gmail.com); (2) **SMS/iMessage** for 818-XXX-XXXX[1] (exported), (3) **WhatsApp** (for the same number; exported backups), (4) **Telegram** (@AndySignore; primary internal/editorial channel since 2021; full HTML export), (5) **Signal** (one historical group), (6) **Discord** (@PopcornedPlanet; dormant since 2020), (7) **X/Twitter** (@AndySignore; @PopcornedPlanet), (8) **Instagram** (@AndySignore; @PopcornedPlanet), (9) **Facebook** (@AndySignore; @PopcornedPlanet); and (10) **TikTok** (@andysignoreofficial; @PopcornedPlanet). **Cloud** repositories (Google Drive, Dropbox, iCloud) were index-searched; **Payment Platforms** (PayPal, Cash App, Venmo, Patreon, Fourthwall) were manually checked. (Signore Decl. ¶¶ 5–15.)

**Date ranges actually used** (per-platform): **Gmail** (2019–present), **Telegram** (2021–present via full HTML export), **Instagram/X** (Meta/Twitter data exports for 12/31/2023–07/23/2025), and current-device exports for **SMS/iMessage** (12/31/2023–07/23/2025) and **WhatsApp** (12/31/2023–present). (Signore Decl. ¶ 10.)

**Search Terms:** The search included the term families demanded by Respondent, applied across repositories: Blake*, Lively*, BL, Reynolds*, RR, Ryan*, "mean girl", "bully"; Wayfarer*; film terms (It Ends With Us/IEWU/ISWU, It Starts With Us); names (Baldoni, Heath, Abel, Nathan, Sarowitz, Wallace, Jed); PR/entities

---

[1] The specific telephone number searched is omitted from this filing, as it is Mr. Signore's personal cellular telephone number. However, it is the same number identified in counsel for Respondent's email, which has also been redacted in the attached exhibit.

(Street Relations/SR, TAG/Agency Group, Liman); plus all listed phone numbers and email domains. (Signore Decl. ¶¶ 11–13.)

**Hit Counts:** A repository-by-repository **hit-count matrix** is submitted herewith as Exhibit B. (Signore Decl. ¶ **14**.) [Summary figures are not repeated here to avoid cluttering the record; they are provided in the spreadsheet.]

### III.  Search Methods and Tools

Popcorned Planet used **native indexes** and standard export utilities to ensure reasonable, proportional searches: Gmail's internal search index (no Takeout required), iMazing export for SMS/iMessage metadata, local WhatsApp backups, Telegram full HTML export (2021–present) with Windows Search indexing for keyword hits, Meta and X data downloads (12/31/23–07/02/25) subsequently indexed, and manual checks for Facebook/TikTok. Cloud drives (Google Drive/Dropbox/iCloud) were index-searched. (Signore Decl. ¶¶ 16–23.)

Each term set was run **verbatim**; hit lists were manually reviewed for responsiveness and privilege (e.g., attorney communications and editorial/source materials). (Signore Decl. ¶ **21**.)

### IV.  Individuals Conducting the Search

Andy Signore executed the searches personally, with technical assistance from in-house team members and in coordination with counsel. (Signore Decl. ¶¶ **24–27**.)

### V.  Counsel's Oversight

The searches were planned with, monitored by, and verified through undersigned counsel (specifically, Mr. Mitchell) to ensure that the parameters

tracked the Court's directives and Respondent's enumerated terms. (Signore Decl. ¶¶ 28–32.)

### VI. Accounts/Custodians/Date Ranges Remaining To Be Searched

As of this filing, no additional custodians are anticipated beyond Mr. Signore. Platform-specific follow-ups include completing any lingering Meta/Facebook logs and confirming completion of a minor Instagram segment flagged as "pending" in the notes. Any such follow-ups can be concluded promptly if the Court deems them necessary. (Signore Decl. ¶¶ 33–37.)

### VII. Burden and Third-Party E-Discovery Proposals (for context)

To corroborate cost/burden, Popcorned Planet solicited two professional estimates. **HaystackID** projected all-in forensic collection/processing/hosting and support in the **$24,407.75–$40,201.00** range depending on scope and duration; the spreadsheet itemizes per-phase, per-unit estimates (devices, accounts, processing/hosting, user seats). (See Exhibit C, Haystack Estimate.)

**Southern Recon Agency (SRA)** quoted a **flat $30,100** forensic scope (86 hours × $350/hr) covering acquisition of the listed repositories/devices, full keyword processing, cross-platform correlation, and a litigation-ready report with chain-of-custody documentation. (See Exhibit D, SRA Proposal.)

Finally, **LCG Advisors** provided a project proposal, quoting a cost of $10,000 to perform a full forensic financial audit to determine whether Mr. Signore or Popcorned Planet received any payments from any Wayfarer party or anyone acting on their behalf. (See Exhibit E, LCG Advisors Proposal).

These proposals are provided **for transparency** about burden and proportionality; this Statement otherwise focuses on the **who/what/when/how** of the searches, as the Court directed.

## VIII.    Conclusion

Popcorned Planet has conducted targeted searches across the accounts and repositories identified above using standard, reliable tools, and under counsel's oversight. The parameters, methods, personnel, oversight, and any remaining items are disclosed in this Statement and in the Declaration of Andy Signore (Ex. A), with hit counts provided in the hit count matrix attached as Ex. B. (Signore Decl. passim.) Respectfully submitted this 12th day of November, 2025,

                                        */s/ David P. Mitchell*
                                        **Jeffrey "Jack" Gordon, Esquire**
                                        Florida Bar No.: 836760
                                        **David P. Mitchell, Esquire**
                                        Florida Bar No.: 67249
                                        **MANEY | GORDON TRIAL LAWYERS**
                                        101 East Kennedy Boulevard, Suite 1700
                                        Tampa, Florida 33602
                                        T: (813) 221-1366   F: (813) 223-5920
                                        [j.gordon@maneygordon.com](mailto:j.gordon@maneygordon.com)
                                        [d.mitchell@maneygordon.com](mailto:d.mitchell@maneygordon.com)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the CM/ECF system, which will send notice of the foregoing to all counsel of record.

                                        */s/ David P. Mitchell*
                                        **David P. Mithell, Esquire**