IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

    Movant,

v.                                                          Case No.: 8:25-mc-28

BLAKE LIVELY,

    Respondent,

_____/

## DECLARATION OF ANDY SIGNORE

I, Andy Signore, hereby declare as follows:

1. I am over 18 years of age, and I have personal knowledge of all facts stated in this declaration. If called to testify, I could and would testify competently thereto.

    **A.**     **Identity, Role, and Purpose**

2. I am the Chief Executive Officer of **Popcorned Planet, Inc.** and the primary custodian of the accounts identified below. I make this declaration to describe the search I conducted for materials potentially responsive to Respondent's subpoena and to the Court's **November 7, 2025 Order**.

    **B.**     **Repositories and Accounts** (Custodian: Andy Signore)

3. **Email: Gmail** (popcornedplanet@gmail.com).

4. **Messaging:** SMS/iMessage for 818-XXX-XXXX (exported via iMazing); WhatsApp (local backups on same number); Telegram (@AndySignore; primary internal/editorial channel since 2021; full HTML export); Signal (one historical group chat); Discord (@PopcornedPlanet; dormant since 2020; two unrelated 2025 DMs).

5. **Social-Messaging:** X/Twitter (@AndySignore; @PopcornedPlanet); Instagram (@AndySignore; @PopcornedPlanet); Facebook (@AndySignore; @PopcornedPlanet); TikTok (@andysignoreofficial; @PopcornedPlanet); Discord (@PopcornedPlanet).

6. **Cloud Drives:** Google Drive, Dropbox, iCloud were indexed and searched; they store production/personal files, not third-party communications.

7. **Payments:** PayPal, Cash App, Venmo, Patreon, Fourthwall manually checked for transactions/communications relevant to Respondent's allegations.

C. **Date Ranges by Platform**

8. **Gmail:** 2019–present (native Gmail index).

9. **Telegram:** 2021–present (complete HTML export; indexed).

10. **Instagram/X:** Meta/Twitter data downloads for 12/31/2023–07/23/2025.

11. **Device-based messaging (SMS/iMessage/WhatsApp)**: Data extraction for time period from 12/31/2023 to 07/23/2025.

D. **Search Terms**

12. The search used Respondent's term families, including Blake*, Lively*, BL, Reynolds*, RR, Ryan*, "mean girl", "bully"; Wayfarer*; film terms ("It Ends With Us/IEWU/ISWU," "It Starts With Us"); names (Baldoni, Heath, Abel, Nathan, Sarowitz, Wallace, Jed); Street Relations/SR, TAG/Agency Group, Liman; and all listed phone numbers and domains (@ltfcllp, @tagpr, @wayfarerstudios, @streetrelations, @ftllp, @paylocity, @rwacommunications, @bryanfreedman).

13. Each term set was run **verbatim** across the repositories listed above.

### E. Methods and Tools

14. **Gmail:** Searched using Gmail's native search index; no Takeout necessary.

15. **SMS/iMessage:** Exported via iMazing and reviewed.

16. **WhatsApp:** local backups searched.

17. **Telegram:** Full HTML export (2021–present) indexed with Windows Search; hits reviewed manually.

18. **Instagram/X:** Data downloads (12/31/23–07/23/25) indexed with Windows Search; hits reviewed manually.

19. **Cloud** (Drive/Dropbox/iCloud): Indexed searches for the same terms.

20. **Employees** Michelle Moulton michellemoulton@gmail.com and Kim Hill ItsKimsyt@gmail.com and their Instagram accounts.

21. For each system, keyword hits were reviewed for responsiveness and to identify privileged/editorial materials.

### F. Who Conducted the Search; Counsel Oversight

22. I personally executed these searches with technical assistance from my small team.

23. I planned the parameters and verified results in coordination with my attorneys of record in this matter to ensure the searches tracked Respondent's enumerated terms and the Court's directives.

24. Counsel monitored the process and verified that the repositories, date ranges, and term families were covered.

### G. Results and Hit Counts

25. A hit-count matrix (by platform and term) is submitted with the Movant's written statement, attached as Exhibit B.

26. As reflected there, the majority of hits were non-substantive or unrelated; the few potentially responsive hits involved routine journalism/editorial discussions.

### H. Remaining Items

27. To my knowledge, no additional custodians remain.

28. Platform-specific housekeeping includes confirming any lingering Meta/Facebook log segments and a small Instagram segment flagged as "pending." Any such follow-up can be completed promptly if the Court requests.

### I. Time and Burden; Third-Party Proposals

29. I estimate approximately **24 hours** were previously expended by myself and my employees in conducting the search for responsive materials, plus **9 additional hours** following the last hearing, to perform supplemental verification and cataloguing for this Declaration and Movant's Written Statement.

30. To corroborate burden, I obtained two third-party proposals from third-party e-discovery vendors: **HaystackID** (cost estimate range **$24,407.75–$40,201.00** depending on scope/duration) and **Southern Recon Agency ("SRA")** (flat **$30,100** for an 86-hour forensic scope). These third-party proposals are submitted with Movant's Written Statement, as Exhibits C and D, respectively.

31. Additionally, I obtained a written proposal from a third party Certified Public Accountant ("CPA"), outlining the estimated cost required to perform a forensic financial audit of payments received, which would confirm that I have not received any payments from any Wayfarer party or anyone else acting on their behalf. That proposal is submitted with Movant's Written Statement, attached as Exhibit E.

**J. Verification**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of November, 2025.

_____
Andy Signore