IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

    Movant,

v.                                          Case No.: 8:25-mc-28

BLAKE LIVELY,

    Respondent,

_____/

**MOTION FOR EXTENSION OF TIME TO FILE MOTION CHALLENGING MAGISTRATE JUDGE'S ORDER AND TO TOLL DEADLINE FOR COMPLIANCE**

Movant Popcorned Planet, Inc. ("Popcorned Planet"), pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rule 3.01, respectfully moves for a seven (7) day extension of time to file its motion challenging the Magistrate Judge's December 2, 2025 Order (ECF No. 37) denying its Motion to Quash, and further requests that the December 17, 2025 compliance deadline set forth in that Order be tolled pending the District Judge's review. In support, Movant states:

    1.    On December 2, 2025, Magistrate Judge Griffin entered an Order denying Popcorned Planet's Amended Motion to Quash (ECF No. 37).

    2.    Under 28 U.S.C. § 636(b)(1)(A) and controlling Eleventh Circuit authority, a party may seek district-judge review of a magistrate's nondispositive order within 14 days.

    3.    On December 11, 2025, Popcorned Planet mistakenly filed a Notice of Appeal directly to the Eleventh Circuit (ECF No. 38).

    4.    As set forth in the below memorandum of law, a notice of appeal from a nonappealable order—such as a magistrate judge's nondispositive discovery ruling—is a procedural nullity that does not divest the District Court of jurisdiction. *See Stansell v.*

*Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 763 (11th Cir. 2024) (notice of appeal from nonappealable order is ineffective and does not transfer jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979).[1]

5.  Consequently, jurisdiction remains with this Court, and Popcorned Planet may—and intends to—file a proper motion challenging the Magistrate Judge's Order.

6.  Popcorned Planet will promptly move to dismiss the premature appeal under Fed. R. App. P. 42 once the Eleventh Circuit formally dockets the appeal.

7.  Good cause exists for a short extension of the deadline to submit the motion challenging the Magistrate Judge's Order, because the intervening mistaken notice of appeal created procedural uncertainty requiring clarification of jurisdiction. Further, intervening deadlines in other matters limited the undersigned's ability to research the jurisdictional matter in full prior to filing the notice of appeal, and upon identifying the set forth herein after conducting follow up research, insufficient time remained to properly brief the issue to the district court within the original fourteen (14) day time period. Additionally, granting the extension will not prejudice the Respondent, and Popcorned Planet is agreeable to the Court granting Lively an extension of time to respond to the forthcoming motion challenging the Magistrate Judge's Order, for as much additional time as needed by Lively in light of the upcoming holidays and related scheduling conflicts.

8.  Good cause also exists to toll the December 17, 2025 compliance deadline because compelling production before the District Judge can review the Magistrate Judge's Order would risk irreparable loss of the rights Popcorned Planet seeks to preserve through its challenge.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

WHEREFORE, Popcorned Planet respectfully requests that the Court: (a) Grant a seven (7) day extension from the current deadline for filing its motion challenging the Magistrate Judge's Order (ECF No. 37), up to and including December 23, 2025; (b) Toll the December 17, 2025 compliance deadline set forth in the Magistrate Judge's Order pending the District Judge's ruling on the forthcoming challenge; and (c) Grant any further relief the Court deems just and proper.

## **MEMORANDUM OF LAW**

### I. **Legal Standard**

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline for good cause if the request is made before the expiration of the existing deadline. Good cause exists where circumstances outside the party's control or procedural complexities prevent timely filing. Here, the unusual procedural posture of this matter—which was brought as a miscellaneous case involving a discovery dispute—raised procedural complexities that created uncertainty as to the proper procedural mechanism for challenging the Magistrate Judge's Order (ECF No. 37) denying Popcorned Planet's Motion to Quash, as the Order was not issued as a Report and Recommendation. However, additional legal research suggests that a magistrate judge's discovery order—such as an order resolving a motion to quash under Rule 45, even in a separate "miscellaneous action" such as this—is considered "nondispositive" and thus may be reviewed by the district judge under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).

### II. **The Notice of Appeal Did Not Divest the District Court of Jurisdiction**

The mistaken filing of a Notice of Appeal on December 11, 2025 does not deprive this Court of jurisdiction. The Eleventh Circuit unequivocally holds:

- Filing a notice of appeal ordinarily divests the district court of jurisdiction *only* where the order appealed is appealable. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013).

- Filing a notice of appeal from a nonappealable order is a *nullity* that does not divest the district court of jurisdiction. *Stansell*, 120 F.4th at 763 (citing *Hitchmon*, 602 F.2d at 694).

A magistrate judge's discovery order—such as the denial of a motion to quash under Rule 45—is a nondispositive order. *See Jordan v. Commissioner, Mississippi Dept. of Corr.*, 947 F.3d 1322, 1327–28 (11th Cir. 2020) (orders denying motions to quash are nondispositive matters reviewed for clear error). Thus, the Eleventh Circuit lacks jurisdiction over the appeal until the district judge reviews the magistrate's ruling. Eleventh Circuit decisional authority confirms that appeals may not be taken directly from a magistrate judge's ruling. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009); *McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1327–28 (11th Cir. 2001); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). Therefore, jurisdiction remains with this Court to consider both this motion and the forthcoming challenge to the Magistrate Judge's Order.

**III.   Good Cause Exists for the Requested Extension**

Good cause for the requested extension exists because:

a.   The mistaken Notice of Appeal created procedural uncertainty regarding the proper mechanism and timing for seeking district-judge review.

b.   Intervening deadlines in other matters limited the undersigned's ability to research the jurisdictional matter in full prior to filing the notice of appeal, and upon identifying the issue set forth herein after conducting follow up research, insufficient time remained to properly brief the issue to the district court within the original fourteen (14) day time period.

c.   Popcorned Planet is acting diligently and in good faith to correct the error by dismissing the premature appeal.

  d. A short extension will not prejudice Respondent, while denial of an extension would deprive Popcorned Planet of a meaningful opportunity for review.

  Additionally, Popcorned Planet is agreeable to the Court granting Lively an extension of time to respond to the forthcoming motion challenging the Magistrate Judge's Order, for as much additional time as needed by Lively in light of the upcoming holidays and related scheduling conflicts.

**IV. Tolling of the Compliance Deadline Is Necessary to Preserve Effective Review**

  The Magistrate Judge's Order requires production of all materials—including materials listed in the privilege log—by December 17, 2025. If Popcorned Planet is compelled to produce those documents before the District Judge can review the Order, the challenge would become moot, and any relief granted later would be meaningless. Federal courts routinely stay or toll compliance deadlines pending district-judge review in analogous circumstances to avoid irreparable harm.

**V. Conclusion**

  Because the mistaken Notice of Appeal does not affect this Court's jurisdiction, and because good cause exists for both the extension and tolling of the compliance deadline, the requested relief should be granted.

Dated: December 16, 2025    Respectfully submitted,

                */s/ Jeffrey "Jack" Gordon*
                **Jeffrey "Jack" Gordon, Esquire**
                Florida Bar No.: 836760
                **David P. Mitchell, Esquire**
                Florida Bar No.: 67249
                **MANEY | GORDON TRIAL LAWYERS**
                101 East Kennedy Boulevard, Suite 1700
                Tampa, Florida 33602
                T: (813) 221-1366 F: (813) 223-5920
                j.gordon@maneygordon.com

d.mitchell@maneygordon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the CM/ECF system, which will send notice of the foregoing to all counsel of record.

*/s/ Jeffrey "Jack" Gordon*
**Jeffrey "Jack" Gordon, Esquire**

## LOCAL RULE 3.01(g) CERTIFICATION:

I HEREBY CERTIFY that counsel for Popcorned Planet has conferred with counsel for Respondent by telephone conference and email exchange on today's date, December, 16, 2025, and was advised by counsel for Respondent that Respondent opposes the relief requested herein.

*/s/ Jeffrey "Jack" Gordon*
**Jeffrey "Jack" Gordon, Esquire**