UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| POPCORNED PLANET, INC., <br><br> Movant, <br><br> v. <br><br> BLAKE LIVELY, <br><br> Respondent. | No. 8:25-mc-00028-WFJ-LSG |

**RESPONDENT BLAKE LIVELY'S RESPONSE TO
POPCORNED PLANET, INC.'S MOTION FOR REVIEW OF
ORDER DENYING MOTION TO QUASH**

## INTRODUCTION

In an 18-page well-reasoned and thorough opinion entered after holding *four* hearings, The Honorable Magistrate Judge Lindsey Griffin exercised her broad discretion and correctly ordered Popcorned Planet to produce hundreds of pages of admittedly relevant and responsive text messages it is withholding based on improper assertions of Florida's statutory reporter privilege (FLA. STAT. § 90.5015 ("statutory privilege")) and the state and federal common law privilege (collectively, "Reporter Privileges").[1] Judge Griffin rightly denied the MTQ on multiple independent grounds: (1) Popcorned Planet waived the right to assert the Reporter Privileges; (2) even without waiver, Ms. Lively's need for the information overcame any assertion of them; and (3) Popcorned Planet failed to demonstrate it was entitled to assert them. Judge Griffin also correctly held Popcorned Planet did not show undue burden. Popcorned Planet adopts a kitchen sink approach in its non-conforming objections, but fails to adduce a single colorable argument that any one of the independent grounds for denying the MTQ—let alone *all three of them*—is clearly erroneous or an error of law. *See* ECF No. 43 ("Objection").[2]

---

[1] *See* ECF No. 37 ("R&R"); ECF No. 2 ("MTQ"); ECF No. 9-2. References to "ECF No." refer to the docket in this matter and to "Dkt." refers to the docket in the Underlying Litigation, as defined in Ms. Lively's opposition to the MTQ. *See* ECF No. 8 ("MTQ Opposition"). The filing incorporates the extensive background and defined terms in the same.

[2] The Court would be within its right to strike the Objection because it violates the local rules by exceeding the 10-page limit, and using non-compliant font—it would total 20 pages if compliant. *Compare* Local Rules 1.08 & 3.01(c), *with* ECF No. 43; *U.S. Bank Tr. Nat'l Ass'n v. Alaniz*, 2025 WL 1884275, at *1-2 (M.D. Fla. July 8, 2025).

1

## LEGAL STANDARD

A "district court reviews a magistrate judge's ruling on non-dispositive matters"—which includes a motion to quash a third-party subpoena—"under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous'" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed" and "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Washington v. Transportation & Sec. Admin.*, 2024 WL 5193315, at *1 (M.D. Fla. Dec. 20, 2024) (cleaned up) (citing cases). The "clearly erroneous or contrary to law" standard is "extremely deferential" and magistrate judges are afforded "'broad discretion' in issuing pretrial orders relating to discovery[.]" *Sabanski v. Salon*, 2025 WL 3012050, at *1 (M.D. Fla. Oct. 28, 2025) (Jung, J.) (citation omitted); *Heller v. Logan Acquisitions Corp.*, 2018 WL 6075498, at *1 (M.D. Fla. Nov. 21, 2018) (Jung, J.)

## ARGUMENT

**I.   JUDGE GRIFFIN CORRECTLY DETERMINED POPCORNED PLANET WAIVED THE REPORTER PRIVILEGES.**

Judge Griffin correctly held that Popcorned Planet waived the Reporter Privileges on three independent grounds: by (1) producing documents that bear "no discernable, substantive difference" as compared to the withheld documents;

(2) failing to "timely provide" any privilege log; and (3) submitting a privilege log with insufficient "particularity to assess the privilege claim." *See* R&R at 13-15.

### A. Popcorned Planet Does Not Contest That It Waived The Reporter Privileges By Producing Certain Communications.

The Court can (and should) adopt the R&R based solely on Judge Griffin's finding that Popcorned Planet waived the Reporter Privileges by producing to Ms. Lively seven communications that bear no "discernable, substantive difference" to the documents it is withholding. R&R at 15; *see* Ex. 1 at 1.[3] Popcorned Planet's failure to object to Judge Griffin's waiver-by-production finding is fatal. *See* Objection at 10-13; *Smith v. Marcus & Millichap*, Inc., 106 F.4th 1091, 1098-1099 (11th Cir. 2024). Even if the argument were preserved, Popcorned Planet does not and cannot explain how it did not waive the Reporter Privileges by producing some (but not all) of them on the same topic. *See News-J. Corp. v. Carson*, 741 So. 2d 572, 574 (Fla. 5th DCA 1999) (newspaper waived statutory privilege by filing a copy of a document in a lawsuit); *accord Lozman v. City of Riviera Beach*, 2014 WL 12360697, at *4 (S.D. Fla. Oct. 8, 2014) ("It is well settled that the journalist's privilege, like other testimonial privileges, can be waived" by otherwise disclosing information on the topic); *Ayala v. Ayers*, 668 F. Supp. 2d 1248, 1250 (S.D. Cal. 2009) (rejecting

---

[3] Attached as Exhibit 1 is the materials Popcorned Planet produced to Ms. Lively and which she submitted to the Court at its request. When producing, Popcorned Planet did not assert any claims of confidentiality regarding these materials. Consistent with the Court's directive in the Underlying Litigation, PII has been redacted. *See* Dkt. 619 at 3.

3

reporter's privilege when attempt to "use the privilege both as a shield and a sword by making selective disclosures" (citing *Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008)); *see also Pinkard v. Johnson,* 118 F.R.D. 517, 523 (M.D. Ala. 1987); *cf. Willoughby v. Gov't Emps. Ins. Co.*, 2024 WL 3183860, at *4 (M.D. Fla. June 26, 2024). It is undisputed that Judge Griffin properly decided that Popcorned Planet waived the Reporters Privilege by producing documents on the identical topic and with the identical "sources" as the ones they are attempting to shield from discovery.

> **B. Popcorned Planet Waived The Reporter's Privileges By Failing to Timely or Sufficiently Log Withheld Documents.**

Judge Griffin rightly found that Popcorned Planet waived the right to assert privilege first by failing to produce *any* privilege log and then by providing ones that lacked sufficient information to assess the privilege, despite repeated opportunities to do so. R&R at 3-4, 12-14,[4] *see Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015) ("party that fails to submit a privilege log is deemed to waive the underlying privilege claim" and blanket "assertions of privilege before a district court are usually unacceptable" (cleaned up) (cited in R&R)); Ex.5 (ECF No. 33) at 33:21-22 (Judge Griffin: "**it's Mr. Signore's right to assert the privilege, but he has to substantiate it**" (emphasis added)); *Nationwide Mut. Fire Ins. Co. v.*

---

[4] Popcorned Planet served its first "partial privilege log" on November 5, 2025, and a "completed privilege log" on November 19, 2025. *See* ECF 25-1 ("Initial Privilege Log"). ECF No. 34-1 ("Completed Privilege Log") (collectively, "Privilege Logs").

4

*Kelt, Inc.*, at \*8–\*9 (M.D. Fla. Mar. 31, 2015) (waiver where a privilege log did not "'sufficiently articulate'" the withheld information "'to permit the opposing party to assess the claims of privilege'"); *see* Fed. R. Civ. Pr. 45(e)(2) ("Rule 45").[5] Popcorned Planet does not claim that Judge Griffin applied the wrong legal standard, and fails to address or attempt to distinguish the binding 11th Circuit law and Rule 45 on which the R&R relies. *Compare* R&R at 12-14, *with* Objections at 10-13. Popcorned Planet also does not dispute that both the Privilege Logs fail to comply with Rule 45 by asserting vague and generalized conclusions that do not permit Ms. Lively or the Court to assess the claim of privilege. *See* Objections at 10-13; *see* ECF Nos. 25-1 & 34-1.[6] Instead, Popcorned Planet argues that individuals asserting the Reporter Privileges are exempt from producing privilege logs at all and, if they do, can rely on vague and blanket assertions. Objections at 10-11. Popcorned Planet's argument amounts to an improper attempt to re-write the plain language of Rule 45, which does not carve out reporter privileges from

---

[5] Rule 45 establishes that a person "withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material *must*: (i) expressly make the claim; and (ii) ***describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim***" (emphasis added).

[6] Both Privilege Logs rely on single entries that span multiple dates— for example, one text chain with one of the Wayfarer Defendants from January 21, 2025 to June 24, 2025—and include one of the following two "descriptions": "Communication with party defendant source regarding request for comment in connection with Popcorned Planet's coverage of Consolidated Action, generated pursuant to newsgathering duties"; and "Communication with IEWU crew member requesting comment in connection with Popcorned Planet's coverage of Consolidated Action, generated pursuant to newsgathering duties." *See* ECF Nos. 25-1 & 35-1.

its mandatory requirement that the withholding party "describe the nature of the withheld" information that "will enable the parties to assess the claim." Rule 45; *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning…" (cleaned up) (citations omitted)); *In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 782 (S.D.N.Y. 2010) (holding movant must assert privilege "in the same manner as any other litigant—providing a privilege log enumerating the documents as to which privilege is claimed and including as to each such information as may be necessary to make out his claim of qualified journalist privilege").[7] Whatever weight the handful of out-of-circuit cases Popcorned Planet cites deserves about whether a reporter can avoid a privilege log when moving to quash a subpoena in its entirety, they are irrelevant here because Popcorned Planet ultimately produced some documents, and therefore must provide a privilege log even under the precedent it cites.

Popcorned Planet wrongly argues that Judge Griffin's *in camera* review

---

[7] *See also Las Vegas Sun, Inc. v. Adelson*, 2021 WL 6621290, at *1 (D. Conn. Sept. 2, 2021) ("it is undisputed that respondent did not provide a privilege log at the time he asserted objections based on the journalist's privilege and has not done so in the many months since"); *Mosley v. City of Chicago*, 252 F.R.D. 445, 449 (N.D. Ill. 2008) (rejecting a similar argument asserted by a reporter because courts "are not at liberty to rewrite statutes and rules that plainly and unambiguously prescribe duties, obligations and procedures." In one of the cases Popcorned Planet cites, *Schoolcraft v. City of New York*, 2014 WL 1621480, at *5 (S.D.N.Y. Apr. 22, 2014), the court expressly explained that a reporter could "waive his privilege in the future if he fails to provide a privilege log" even while declining to find waiver at the present time due to the broad scope of the subpoena (which is not at issue here given that Popcorned Planet did not raise any concerns relating to scope) (*see* R&R at 17).

6

foreclosed a finding of waiver. *See* Objections at 12-13. The only case it cites for the proposition, *Nationwide* 2015 WL 1470971, does not hold that a court can apply *only one of the four* remedies it raises. *Id.* at *5; Objections at 12.[8] Nor would such a rule align with the broad discretion courts have in remedying improper assertions of privilege, including by applying multiple remedies. *See, e.g.*, *Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, 2018 WL 3870062, at *3 (M.D. Fla. Aug. 15, 2018) (ordering *in camera* review and a revised privilege log*)*; *accord Romspen Inv. LP v. Dibert*, 2025 WL 2427679, at *2 (S.D. Fla. Mar. 7, 2025); *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1236 (S.D. Fla. 2018); *Wellin v. Wellin*, 2019 WL 470182, at *4 (D.S.C. Jan. 15, 2019), *aff'd*, 2019 WL 466631 (D.S.C. Feb. 6, 2019); *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 538 (D.S.C. 2018). Plus, the argument is irrelevant as to the Final Privilege Log because Popcorned Planet produced it *after* the *in camera* review. *Compare* ECF No. 27, *with* ECF No. 34; *Rynd v. Nationwide Mut. Fire Ins. Co.*, 2010 WL 5161838, at *3 (M.D. Fla. Dec. 14, 2010) (finding privilege was waived where party failed to properly and timely amend privilege log after Court request). Judge Griffin did not err, and Popcorned Planet has failed to identify any aspect of the R&R's finding on waiver that is clearly erroneous or contrary to law.

---

[8] Popcorned Planet conceded the appropriateness of Judge Griffin ordering multiple remedies by requesting that Judge Griffin "perform an in camera inspection of the materials enumerated and itemized" in the Initial Privilege Log. Ex. 4, ECF No. 27, at 26:19-21.

## II.  JUDGE GRIFFIN CORRECTLY DETERMINED THAT MS. LIVELY OVERCAME THE REPORTER PRIVILEGES.

Popcorned Planet does not challenge, and therefore concedes, that Judge Griffin applied the correct legal standard when finding that Ms. Lively overcame the qualified Reporter Privileges. *Compare* R&R at 5 (privilege overcome "by demonstrating that the information is relevant and unavailable elsewhere and that a compelling need supports disclosure" (citing cases)), *with* Objections at 13-14. Popcorned Planet also does not challenge Judge Griffin's determination, based on her *in camera* review of the documents listed on its initial privilege log, that "the responsive materials are directly relevant and material to" and go to the "heart of" Ms. Lively's claims. *Compare* R&R at 16, *with* Objections at 13-14.

The only objection that Popcorned Planet mounts to the finding that Ms. Lively overcame the privilege is that § 90.5015(3) requires an "evidentiary hearing" and that there is a lack of evidence demonstrating that the information the Subpoena seeks was otherwise unavailable. *See* R&R at 13-14. Neither argument is correct, let alone demonstrates that the R&R was clearly erroneous or contrary to law.

*First*, § 90.5015(3) requires only that a court support a finding that the statutory privilege is overcome "with clear and specific findings made after ***a hearing***." *Id*. (emphasis added). Judge Griffin afforded Popcorned Planet *more than* "*a hearing*," she afforded Popcorned Planet *four hearings* before issuing the clear

8

and specific findings in the R&R. *See* ECF Nos. 17 (October 22, 2025), 24 (October 31, 2025), 27 (November 7, 2025), & 33 (November 13, 2025).[9] Popcorned Planet's attempt to insert the word "evidentiary" into the statutory privilege is contrary to its plain text and would violate the necessary presumption that the legislature "said what it meant and meant what it said." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1223 (11th Cir. 2001) (rejecting attempt to "write into the statutory phrase" a "limiting adjective" because requiring such an insertion is "proof that the plain meaning of what [the legislature] actually said is against their position"). Judge Griffin went beyond the requirements of § 90.5015(3) by holding multiple hearings before entering the R&R.

*Second*, Popcorned Planet's assertion that there is "no *evidentiary support*" for finding that Ms. Lively "tried to discover this information from the defendants and, to some extent, has been unable to obtain these materials from them" is belied by the very filings of which Popcorned Planet ask the Court to take judicial notice. *See* Objections at 13; R&R at 16.[10] Those filings reflect *inter alia*:

- Ms. Lively served requests for production ("RFPs") on the Wayfarer Defendants in February 2025 targeting communications with "any media outlet of any kind" and "any Social Media accounts or influencers or other individuals who maintain a public online presence" and about "efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media." ECF No.

---

[9] Ms. Lively attaches the transcripts as Exhibits 2-5 to this brief for ease of reference.
[10] Popcorned Planet moved Judge Griffin to take judicial notice of eight filings in the Underlying Litigation. ECF No. 16 (requesting judicial notice of docket entries 425, 770, 556-2, 556-8, 711, 806, and 835 in the Underlying Litigation). The Court took judicial notice of the filings, but not the way Popcorned Planet attempted to characterize them. *See* ECF No. 23.

16-3 at 7, 13-16 (requests 4-9), 23 (request 49); *id*. at 33, 40-42, 49, 64, 71-73, 88, 90, 97-99, 102-104; *see also* ECF No. 8 at 17.[11]

- Subsequent RFPs requested all communications with content creators, specifically naming Popcorned Planet's owner and founder, Andy Signore. *See, e.g.*, ECF No. 16-4 at 89 (all Communications "with or concerning Andy Signore" and 91 (documents "shared with Content Creators" including "Andy Signore, Popcorned Planet"); *id*. at 104-105 (same); *id*. at 131-132 (same).

- On July 15, 2025, the Underlying Court ordered the completion of all outstanding party document productions by July 25, 2025. *See* ECF No. 16-1.

- In late July 2025, Ms. Lively served deficiency letters on the Wayfarer Parties, including to address the fact that they had "not produced a single responsive communication" with content creators or reporters. *See* ECF No. 16-4 at 73; *see also id*. at 105-106. For example, one deficiency letter to defendant TAG—a crisis communications firm that admitted in sworn interrogatory responses that Mr. Signore seeded, generated, created, or influenced social media content or provided "related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates" (ECF No. 8 (citing Underlying Litigation, Dkt. 351 & Dkt. 451-1 at 13-14))—confirmed that TAG still had not produced "communications with content creators and reporters concerning statements made about the actions, despite those creators and reporters sharing in their outlets and on their social media profiles what appear to be statements directly shared by TAG." ECF No. 16-4 at 104 n. 1. The letter continued: "By way of Andy Signore recently shared what appears to be a Google Document link containing a statement from Mr. Freedman that the TAG Defendants have not produced." *Id*.

- In early August 2025, Ms. Lively filed a motion to compel the Wayfarer Defendants, including to produce communications with content creators, which the Court granted in late August by September 2. *See* ECF No. 16-5.[12]

- By late September, Ms. Lively was continuing to file motions relating to the Wayfarer Parties failure to fully comply with discovery, including relating to communications via Signal. *See* ECF No. 16-6.

As explained during the first hearing before Judge Griffin on October 22, 2025, Ms.

---

[11] The RFPs defined Social Media to include "any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking[.]" *Id*.

[12] In all, Ms. Lively filed seven motions to compel. *See* Dkt Nos. 203, 228, 295, 344, 552, 694, 803.

10

Lively filed a motion for spoilation relating to the Wayfarer Defendants' failure to preserve Signal communications—which they admitted to using to communicate with content creators—that same day. Ex. 2 (ECF No.17) at 9:3-7. As to the handful of communications with Mr. Signore that the Wayfarer Defendants produced, Ms. Lively's counsel explained to the Court there was no assurance that their production was complete given the history of failing to preserve and to produce responsive materials. *Id.;* Ex. 5 (ECF No. 33) at 36:11-19.[13]

In sum, there is nothing clearly erroneous about Judge Griffin's finding that the record contained sufficient evidence that the information sought with the Subpoena was unavailable. Finding otherwise would amount to sanctioning an impermissible shell game whereby a party and third party can deprive a plaintiff of admittedly relevant, central, material, and responsive information simply by running out the clock on discovery. *State v. Davis*, 720 So. 2d 220, 225 (Fla. 1998) ("right to every man's evidence"); *see Christ Covenant Church v. Town of Sw. Ranches*, 2008 WL 2686860, at *9 (S.D. Fla. June 29, 2008); ECF No. 8 at 21 n. 17.[14]

---

[13] Popcorned Planet criticizes Ms. Lively for not submitting the document received in the Underlying Litigation for *in camera* review and claims they lacked access to understanding what she had requested and what had been produced. Opposition at 13-14. But there is no legal requirement that courts conduct an *in camera* review to evaluate the unavailability prong, and the public docket and filings that Popcorned Planet insisted the Court take judicial notice of are sufficient on their face to support the finding that the information was otherwise unavailable.

[14] Popcorned Planet attempts to distinguish *Carrol v. TheStreet.com*, 2014 WL 5474048 (S.D. Fla. 2014) because Mr. Signore is not a defendant. But that case does not hold that the qualified privilege is only overcome in such circumstances, and the argument ignores that the Underlying

## III. JUDGE GRIFFIN CORRECTLY DETERMINED THE REPORTER PRIVILEGES DO NOT APPLY TO POPCORNED PLANET.

Judge Griffin correctly held that Popcorned Planet is not entitled to assert Florida's statutory privilege by failing to demonstrate that Mr. Signore is a "salaried employee or independent contractor" for one of the covered entities. R&R at 8-10; *see* ECF Nos. 2 & 10.[15] To the contrary, Popcorned Planet admitted that Mr. Signore is self-employed and pays himself from the entity that he founded, owns, and operates, which "is clearly not contemplated in the statutory definition of a professional journalist." *See Techtronic Indus. Co. Ltd. v. Bonilla*, 2024 WL 361247, at *1 (M.D. Fla. Jan. 31, 2024) ("Florida Courts have historically held that the journalist privilege applies to journalists employed or hired by traditional media outlets.").[16] Implicitly conceding it failed to address a requirement of the statutory privilege, Popcorned Planet now argues, for the first time, that it is part of a "network" by virtue of its use of YouTube. Objections at 7-8. Leaving aside that this Court cannot consider the argument because Popcorned Planet never

---

Complaint alleges that the Wayfarer Defendants used content creators like Mr. Signore—knowingly or unknowingly—to launder disparaging information about Ms. Lively.

[15] The covered entities are: "a newspaper, news journal, news agency, press association, wire service, radio or television station, network, or news magazine." § 90.5015.

[16] The Objection does not cite or address the *Techtonic* decision, and Popcorned Planet's claim that the statutory privilege nevertheless covers Mr. Signore because it does not include an "ownership exclusion" violates the *expressio unius est exclusio alterius* canon. *See* Objections at 9; *United States v. Fareaux*, 2024 WL 474137, at *1 (M.D. Fla. Feb. 7, 2024); *see Halsten v. Target Nat. Bank*, 2013 WL 3804844, at *4 (M.D. Fla. July 19, 2013).

12

made it to Judge Griffin (ECF Nos. 2; 12),[17] it again improperly depends on re-writing a statute: the statutory privilege modifies "network" with the term "radio or television" and Popcorned Planet concedes that it is not a radio or television network, which ends the inquiry. *See* § 90.5015; *accord WTVJ-NBC 6 v. Shehadeh*, 56 So. 3d 104, 105 (Fla. 3d DCA 2011) ("television network affiliate").[18] Judge Griffin's determination that Mr. Signore is not a salaried employee or independent contractor for any of the covered entities is amply supported. R&R at 8-10 (citing cases and authority).[19]

Popcorned Planet's argument that Judge Griffin's "most fundamental error" is a "complete failure to analyze the First Amendment reporter's privilege" ignores that courts in the 11th Circuit have found that the federal common law privilege and Florida's statutory privilege "are virtually indistinguishable." *United States v. Fountain View Apartments, Inc.*, 2009 WL 1905046, at *2 n. 5 (M.D. Fla. July 1, 2009) (quoting *McCarty v. Bankers Ins. Co.*, 195 F.R.D. 39, 46 (N.D. Fla. 1998)); *see* ECF No. 8 at 18 n. 13. To the extent that there is any daylight between who is

---

[17] *See Voter Verified, Inc. v. Premier Election Sols., Inc.*, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010); *Starks v. United States*, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010).

[18] *See* 47 U.S.C.A. § 339(d)(5) (defining the term "television network" to mean "a television network in the United States which offers an interconnected program service on a regular basis for 15 or more hours per week **to at least 25 affiliated broadcast stations in 10 or more States**") (emphasis added).

[19] Popcorned Planet is precluded from arguing that it does not only offer videos only on YouTube because it never made that argument before Judge Griffin but, even if it had, it does not change the necessary conclusion that Mr. Signore is not employed by one of the covered entities.

13

entitled to assert the statutory versus common law privileges, Judge Griffin accounted for that possibility by holding that Mr. Signore does not bear any of the indicia of a professional journalist, which courts consider when determining the federal common law privilege applies. *See* R&R at 10-11; ECF No. 8 at 19-20; *see, e.g., von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144-146 (2d Cir. 1987) (federal common law considers whether the movant has "characteristics of a professional journalist").[20] Even accepting as true that the Reporter's Privileges may apply to non-traditional journalists, Judge Griffin properly found that they do not apply to Mr. Signore. *See* R&R at 8 n. 4.[21]

---

[20] While accusing Judge Griffin of not considering the "First Amendment" privilege, Popcorned Planet admits that the R&R analyzed the "common law, federal privilege" and never considered that (to the extent they are not the same), there is no substantive difference between them. *See Monarch Air Grp., LLC v. Journalism Dev. Network, Inc.*, 757 F. Supp. 3d 1303, 1306 (S.D. Fla. 2024) (treating First Amendment and common law privilege interchangeably); *United States v. Vasquez-Ortiz*, 2008 WL 11449045, at *8 (N.D. Ga. Jan. 23, 2008) ("same standard applies in evaluating whether the common law reporter privilege" and First Amendment privilege applies); *Cumby v. Am. Med. Response, Inc.*, 2019 WL 1118103, at *7 n.8 (D. Mass. Mar. 11, 2019) ("There is no federal common law reporter's privilege that is distinct from the First Amendment"). Popcorned Planet's lack of understanding of the federal privilege also is apparent in its criticism of Judge Griffin's consideration of Mr. Signore's lack of editorial standards as "inapposite" when in reality such factors are directly applicable to the federal analysis, as evident in the *von Bulow* case on which Popcorned Planet so heavily relies.

[21] Popcorned Planet devotes more than a page on its Objections lamenting the purported "misuse" of *McDermott v. State*, 360 So. 3d 1213 (Fla. 5th DCA 2023), which the R&R cites once, in a "see also" when describing the legal standard. *Compare* Objections at 4-5, *with* R&R at 6. Popcorned Planet fails to demonstrate that Judge Griffin relied on *McDermott* or that it was material to the opinion in either way. *See Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 868 (11th Cir. 2018). If the citation to *McDermott* carried any weight, it would be for the unremarkable proposition that when there is both a *state* statutory and common law, the text of the former governs, with no bearing on the application of the federal privilege.

14

## IV.     JUDGE GRIFFEN CORRECTLY DETERMINED THAT THE SUBPOENAS DID NOT IMPOSE ANY UNDUE BURDEN.

Judge Griffin was right to find that Popcorned Planet failed to substantiate any undue burden, including by stating that there was no "problem with the scope" of the Subpoena during the first hearing and because Ms. Lively has unsuccessfully attempted to otherwise obtain the documents and need not exhaust those efforts before obtaining the information from Popcorned Planet. R&R at 16-17; Ex. 4 (ECF No. 27) at 29:25-30:6 (Judge Griffin: "I asked you at the first hearing whether there was any objection to the scope of the request and – and you said there was no objection. I have no objection to the scope of the request. No concern. You didn't have any problem with the scope of the request. You're only your only concern was with privilege"); Ex. 5 (ECF No. 33) at 30:16-18 (Judge Griffin: "in terms of the scope of the request, I think we've already – we've already -- that ship has sailed"); *Strike 3 Holdings, LLC v. Doe,* 2022 WL 17582574, at *1 (M.D. Fla. Dec. 12, 2022).

## CONCLUSION

For the reasons detailed herein, Ms. Lively respectfully asks the Court to adopt Judge Griffin's R&R in full.

15

Dated: January 22, 2026

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
BOIES SCHILLER FLEXNER LLP
Sigrid S. McCawley
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

Meryl C. Governski
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br>Aaron E. Nathan<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8904<br>anathan@willkie.com | MANATT, PHELPS & PHILLIPS LLP<br>Esra A. Hudson<br>Stephanie A. Roeser<br>Sarah E. Moses<br>2049 Century Park East, Suite 1700<br>Los Angeles, California 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br>smoses@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |

*Attorneys for Blake Lively*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of January 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to all parties and their counsel of record in this case.

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley