IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

     Movant,

v.                                                                Case No.: 8:25-mc-28

BLAKE LIVELY,

     Respondent,

_____/

**POPCORNED PLANET, INC.'S NOTICE OF
SETTLEMENT IN UNDERLYING ACTION AND
SUGGESTION OF MOOTNESS OF PENDING SUBPOENA DISPUTE**

Movant, Popcorned Planet, Inc. ("Popcorned Planet"), by and through undersigned counsel, respectfully files this Notice of Settlement in the Underlying Action and Suggestion of Mootness of the pending subpoena dispute, including Popcorned Planet's Motion for District Court Review of Magistrate Judge's Order Denying Motion to Quash Subpoena (ECF No. 43) and states as follows:

1. This miscellaneous action arises from a third-party subpoena issued by Respondent Blake Lively ("Lively") to non-party Popcorned Planet in connection with the underlying action captioned *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL, pending in the United States District Court for the Southern District of New York ("the Lively Action").

2.      On December 2, 2025, Magistrate Judge Lindsay S. Griffin entered an Order denying Popcorned Planet's Amended Motion to Quash the subpoena. ECF No. 37.

3.      On January 8, 2026, Popcorned Planet filed its Motion for District Court Review of the Magistrate Judge's Order Denying Motion to Quash Subpoena. ECF No. 43. That motion remains pending before this Court.

4.      The parties in the underlying SDNY action have now filed a Notice of Settlement and Joint Stipulation, pursuant to which Lively, on the one hand, and Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, The Agency Group PR LLC, Melissa Nathan, and Jennifer Abel, on the other hand, stipulated to resolve the claims at issue between them. A copy of the Notice of Settlement and Joint Stipulation filed in the Southern District of New York is attached hereto as Exhibit A.

5.      The Notice of Settlement and Joint Stipulation provides that "[t]he Lively Action is dismissed with prejudice as between the Stipulating Parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Ex. A, ¶ 3.

6.      The Southern District of New York docket further reflects that the Notice of Settlement and Joint Stipulation was filed on May 7, 2026, at Docket Entry 1432, and that the Court entered a So Ordered version of the Notice of Settlement and Joint Stipulation at Docket Entry 1434 on May 7, 2026. *See* Ex. C.

7.    The SDNY docket also reflects that the Lively Action was terminated on May 7, 2026. *See* Ex. C (SDNY docket report covering the past 90 days of activity in the Lively Action).

8.    The subpoena served on Popcorned Planet was issued for purposes of discovery in the Lively Action. The asserted relevance and need for the subpoenaed materials were premised on Lively's then-pending claims and allegations in the underlying action, including her allegations concerning an alleged campaign involving media platforms, third-party advocates, content creators, and alleged defamatory or retaliatory statements.

9.    Indeed, in denying Popcorned Planet's motion to quash, the Magistrate Judge found, inter alia, that the subpoenaed materials were "directly relevant and material" to Lively's claim that the defendants in the underlying action "orchestrated a campaign to defame her with the help of third parties who created disparaging and false content," and further found that Lively had a "compelling need" because the subpoenaed materials purportedly went to "the primary theory underlying Lively's defamation claim." ECF No. 37 at 16–17.

10.    By virtue of the settlement, dismissal with prejudice, and termination of the Lively Action, the claims and merits-based issues that supplied the asserted predicate for Lively's subpoena to Popcorned Planet are no longer pending and no longer constitute an active controversy.

3

11.     Although the Notice of Settlement and Joint Stipulation states that Lively does not release and retains her pending "Motion for Attorneys' Fees, Treble Damages and Punitive Damages under California Civil Code § 47.1 in the Wayfarer Action," that residual motion does not preserve any need for Lively to obtain non-party discovery from Popcorned Planet in this miscellaneous action. *See* Ex. A, ¶ 2.

12.     As reflected in correspondence submitted by the Wayfarer Parties to the SDNY court, the remaining § 47.1 motion concerns Lively's request for fees, treble damages, punitive damages, and related relief arising from the Wayfarer Parties' previously dismissed defamation claim against Lively. A copy of that correspondence is attached hereto as Exhibit B.

13.     The SDNY docket further reflects that, on May 11, 2026, the Court entered a memo endorsement stating that "[t]he Court does not require additional briefing at this time" in response to the Wayfarer Parties' May 8, 2026 letter concerning Lively's request for supplemental briefing on the § 47.1 motion. *See* Ex. C.

14.     The remaining § 47.1 motion is not a substantive merits claim by Lively against the Wayfarer Parties for which discovery from Popcorned Planet remains necessary, relevant, or proportional. Nor does it involve any claim by or against Popcorned Planet.

15.   Accordingly, the subpoena dispute pending in this miscellaneous action is now moot. Federal courts may decide only actual cases or controversies. U.S. Const., Art. III, § 2, Cl. 1. *See, e.g., Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.") (cleaned up); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (cleaned up); *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281–82 (11th Cir. 2004) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").

16.   Because the underlying Lively Action has been dismissed with prejudice and terminated, there is no remaining active controversy requiring Popcorned Planet to respond to the subpoena, requiring this Court to adjudicate the pending Rule 72 objections on the merits, or requiring further adjudication of Lively's cross-motion to compel.

17.   Popcorned Planet therefore respectfully suggests that the Court should find that the pending subpoena dispute is moot; that no further response to the subpoena is required; that Lively's cross-motion to compel

5

should be terminated as moot; and that Popcorned Planet's pending Motion for District Court Review (ECF No. 43) should be terminated as moot without prejudice to Popcorned Planet's arguments concerning the impropriety of the subpoena, the applicability of the reporter's privilege, and the errors identified in ECF No. 43.

18.    Popcorned Planet files this Notice upon learning of the settlement, dismissal with prejudice, and termination of the Lively Action, in order to avoid unnecessary proceedings and to ensure that this Court is advised of the changed circumstances affecting the pending subpoena dispute.

Dated: May 29, 2026.                    Respectfully submitted,

*/s/ David P. Mitchell*
Jeffrey "Jack" Gordon, Esquire
Florida Bar No.: 836760
David P. Mitchell, Esquire
Florida Bar No.: 67249
MANEY | GORDON TRIAL LAWYERS
101 East Kennedy Boulevard, Suite 1700
Tampa, Florida 33602
T: (813) 221-1366   F: (813) 223-5920
j.gordon@maneygordon.com
d.mitchell@maneygordon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the CM/ECF system, which will send notice of the foregoing to all counsel of record.

*/s/ David P. Mitchell*
David P. Mithell, Esquire