IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

POPCORNED PLANET, INC.,

      Movant,

v.                                Case No.: 8:25-mc-28

BLAKE LIVELY,

      Respondent,

_____/

**POPCORNED PLANET, INC.'S MOTION TO
TERMINATE PENDING RULE 72 MOTION AS MOOT
<u>AND VACATE ORDER DENYING MOTION TO QUASH</u>**

Movant, Popcorned Planet, Inc. ("Popcorned Planet"), by and through

undersigned counsel, respectfully moves for entry of an order determining that

the pending subpoena dispute is moot, vacating the Magistrate Judge's Order

denying Popcorned Planet's Motion to Quash Subpoena, ECF No. 37, and

terminating Popcorned Planet's pending Motion for District Court Review,

ECF No. 43, as moot. In the alternative, Popcorned Planet requests that the

Court clarify that ECF No. 37 has no continuing operative, preclusive, law-of-

the-case, or precedential effect. In support, Popcorned Planet states as follows:

## I.   INTRODUCTION

This miscellaneous subpoena proceeding has been overtaken by events

in the underlying Southern District of New York action. The subpoena at issue

was served by Blake Lively ("Lively") on non-party Popcorned Planet for

purposes of discovery in the Lively Action, Blake Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL. The Magistrate Judge's Order denying Popcorned Planet's motion to quash expressly tied the asserted relevance and compelling need for the subpoenaed materials to Lively's then-pending defamation theory and allegations that the defendants in the underlying action orchestrated a campaign to defame her through third parties and content creators. ECF No. 37 at 16–17.

That predicate no longer exists. The Lively Action has been dismissed with prejudice and terminated. The only issue preserved by the Notice of Settlement and Joint Stipulation between Lively and the Wayfarer Parties is Lively's pending motion under California Civil Code § 47.1, which concerns Lively's request for attorneys' fees, treble damages, punitive damages, and related relief arising from the Wayfarer Parties' dismissed defamation claim against Lively. That residual motion does not create a live need for Lively to obtain non-party discovery from Popcorned Planet.

Accordingly, the subpoena dispute is moot. Because Popcorned Planet is a non-party subpoena recipient that timely sought review of the adverse Magistrate Judge order, and because Popcorned Planet did not cause the mootness through settlement or voluntary action, equity supports vacatur of ECF No. 37 under the principles recognized in *United States v. Munsingwear, Inc.,* 340 U.S. 36 (1950). At minimum, the Court should clarify that ECF No.

2

37 has no continuing operative, preclusive, law-of-the-case, or precedential effect.

## II.    BACKGROUND

1.    This miscellaneous action arises from a third-party subpoena issued by Lively to non-party Popcorned Planet in connection with the underlying action captioned *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL, pending in the United States District Court for the Southern District of New York.

2.    On December 2, 2025, the Magistrate Judge entered an Order denying Popcorned Planet's Amended Motion to Quash the subpoena. ECF No. 37.

3.    The Order concluded, among other things, that Popcorned Planet failed to establish that the journalist's privilege applied, or otherwise waived that privilege, and further concluded that Lively had established a compelling need for the subpoenaed materials. ECF No. 37.

4.    In finding that the privilege was overcome, the Order held that the subpoenaed materials were "directly relevant and material" to Lively's claim that the defendants in the underlying action "orchestrated a campaign to defame her with the help of third parties who created disparaging and false content." ECF No. 37 at 16.

3

5.      The Order further found that Lively demonstrated a compelling need because the materials purportedly went "to the 'heart of the matter,'" namely, "the primary theory underlying Lively's defamation claim." ECF No. 37 at 16–17.

6.      On January 8, 2026, Popcorned Planet filed its Motion for District Court Review of Magistrate Judge's Order Denying Motion to Quash Subpoena. ECF No. 43.

7.      Popcorned Planet's Rule 72 motion remains pending before this Court.

8.      On May 7, 2026, Lively and the Wayfarer Parties filed a Notice of Settlement and Joint Stipulation in the Southern District of New York. *See* ECF No. 53, Ex. A.

9.      The Notice of Settlement and Joint Stipulation provides that "[t]he Lively Action is dismissed with prejudice as between the Stipulating Parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." *Id.*, at ¶ 3.

10.      The Notice of Settlement and Joint Stipulation further provides that Lively does not release, and retains, her pending Motion for Attorneys' Fees, Treble Damages and Punitive Damages under California Civil Code § 47.1 in the Wayfarer Action. *Id.*, at ¶ 2.

4

11. The Southern District of New York docket reflects that the SDNY court entered a So Ordered version of the Notice of Settlement and Joint Stipulation at Docket Entry 1434 on May 7, 2026. *See* ECF No. 53, Ex. C.

12. The SDNY docket further reflects that the Lively Action was terminated on May 7, 2026. *Id.*

13. Popcorned Planet has separately filed with this Court a Notice of Settlement in Underlying Action and Suggestion of Mootness, which attaches the Notice of Settlement and Joint Stipulation, the Wayfarer Parties' May 8, 2026 letter, and the SDNY docket report as Exhibits A, B, and C, respectively. Popcorned Planet incorporates those filings and exhibits herein by reference.

## III. ARGUMENT

### A. The subpoena dispute is moot because the Lively Action has been dismissed with prejudice and terminated

Article III limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2; *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, Fla., 382 F.3d 1276, 1281–82 (11th Cir. 2004).

A case becomes moot when it no longer presents an active controversy for which the court can grant meaningful relief. *See Troiano*, 382 F.3d at 1281–82. That is now the posture of this miscellaneous subpoena proceeding. The subpoena served on Popcorned Planet was issued for purposes of discovery in

the Lively Action. The Magistrate Judge's Order denying Popcorned Planet's motion to quash expressly tied Lively's asserted compelling need for the subpoenaed materials to the "primary theory underlying Lively's defamation claim." ECF No. 37 at 16–17.

The Lively Action has now been dismissed with prejudice and terminated. The claims and merits-based issues that supplied the asserted predicate for Lively's subpoena to non-party Popcorned Planet are therefore no longer pending. Nor does the remaining § 47.1 motion preserve any subpoena dispute. The Notice of Settlement and Joint Stipulation preserves only Lively's pending Motion for Attorneys' Fees, Treble Damages and Punitive Damages under California Civil Code § 47.1 in the Wayfarer Action, relating to the dismissal of the Wayfarer Parties' defamation action against Lively. *See* ECF No. 53, Ex. A, ¶ 2. As reflected in the Wayfarer Parties' May 8, 2026 letter, the § 47.1 motion concerns Lively's request for relief arising from the Wayfarer Parties' dismissed defamation claim against Lively. *See* ECF No. 53, Ex. B. It is not a live merits claim by Lively against the Wayfarer Parties requiring non-party discovery from Popcorned Planet, nor is it any claim by or against Popcorned Planet.

Accordingly, the subpoena dispute is moot, no further response to the subpoena should be required, and the Court should terminate the pending Rule 72 motion as moot after vacating or setting aside ECF No. 37.

6

### B.   Vacatur is appropriate because Popcorned Planet was deprived of review through mootness it did not cause

When a case becomes moot while a party is pursuing review of an adverse ruling, the ordinary equitable remedy is to vacate the lower-court order so that an unreviewable decision does not produce continuing legal consequences. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). The purpose of vacatur is to "clear[] the path for future relitigation of the issues between the parties" and prevent an unreviewed decision from "spawning any legal consequences." *Id*. at 40-41.

Vacatur is an equitable remedy. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24–26 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from *unilateral action of the party who prevailed below*.") (emphasis added) (citations omitted). Although vacatur is ordinarily not warranted when the party seeking review voluntarily causes mootness through settlement, that limitation does not apply here. Popcorned Planet is not a party to the underlying SDNY settlement. Popcorned Planet did not settle the Lively Action, did not voluntarily abandon review, and did not bargain away its right to obtain review of ECF No. 37.

7

Rather, mootness was caused by the unilateral (as it pertains to Popcorned Planet) action of Lively in settling the separate underlying action. Popcorned Planet is a non-party subpoena recipient that timely sought district court review of an adverse Magistrate Judge Order. While that Rule 72 motion remained pending, the parties to the underlying SDNY action settled Lively's remaining claims, dismissed the Lively Action with prejudice, and caused the subpoena dispute to become moot. From Popcorned Planet's perspective, the mootness was caused by external circumstances, not by any voluntary action by Popcorned Planet.

Under these circumstances, equity supports vacatur of ECF No. 37. The Order contains adverse determinations concerning Popcorned Planet's assertion of reporter's privilege, alleged waiver, and obligation to produce materials pursuant to a non-party subpoena. See ECF No. 37. Because mootness now prevents meaningful review of those determinations, the Order should not remain in place with any continuing operative, preclusive, law-of-the-case, or precedential effect.

## C. Alternatively, the Court should clarify that the Order (ECF No. 37) has no continuing operative, preclusive, law-of-the-case, or precedential effect

If the Court declines to formally vacate ECF No. 37, Popcorned Planet respectfully requests that the Court enter an order clarifying that, because the subpoena dispute is moot, ECF No. 37 has no continuing operative effect and

does not require Popcorned Planet to produce any additional materials in response to Lively's subpoena.

Popcorned Planet further requests that the Court clarify that ECF No. 37 shall have no preclusive, law-of-the-case, or precedential effect against Popcorned Planet in any future matter, including with respect to Popcorned Planet's assertion of reporter's privilege, its status as a news or media entity, or any alleged waiver arising from its assertion of privilege in this miscellaneous proceeding.

## IV.   CONCLUSION

The subpoena dispute is moot because the Lively Action has been dismissed with prejudice and terminated, and the claim-based predicate for the subpoena no longer exists. Popcorned Planet should not be forced to produce materials in response to a subpoena issued for a case that has ended, nor should an unreviewed adverse order remain in place after Popcorned Planet was deprived of meaningful review through mootness it did not cause.

WHEREFORE, Popcorned Planet, Inc. respectfully requests that the Court enter an order: (i) determining that the subpoena dispute is moot; (ii) finding that Popcorned Planet is not required to produce any further materials in response to Lively's subpoena; (iii) vacating or setting aside the Magistrate Judge's Order denying Popcorned Planet's Amended Motion to Quash Subpoena, ECF No. 37; (iv) terminating Popcorned Planet's pending Motion for

9

District Court Review, ECF No. 43, as moot in light of the vacatur or setting aside of ECF No. 37; (v) alternatively, clarifying that ECF No. 37 has no continuing operative, preclusive, law-of-the-case, or precedential effect against Popcorned Planet; and (vi) granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Popcorned Planet conferred with counsel for Respondent Blake Lively on May 26, 2026 and May 28, 2026, by email, and on May 27, 2026 by telephone, in a good-faith effort to resolve the relief requested in this Motion. As of the time of filing, Respondent/Respondent's counsel are still considering their position on the Motion. Popcorned Planet will comply with Local Rule 3.01(g)(3) by diligently attempting to contact Respondent's counsel for three days after filing and promptly supplementing this Motion with a statement certifying whether the parties have resolved all or part of the Motion.

Dated: May 29, 2026.                    Respectfully submitted,

*/s/ David P. Mitchell*
Jeffrey "Jack" Gordon, Esquire
Florida Bar No.: 836760
David P. Mitchell, Esquire
Florida Bar No.: 67249
MANEY | GORDON TRIAL LAWYERS
101 East Kennedy Boulevard, Suite 1700
Tampa, Florida 33602
T: (813) 221-1366   F: (813) 223-5920

10

j.gordon@maneygordon.com
d.mitchell@maneygordon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has

been filed via the CM/ECF system, which will send notice of the foregoing to

all counsel of record.

*/s/ David P. Mitchell*
David P. Mithell, Esquire